## BYRNE *v.* THE STATE.

CONSTITUTIONAL LAW.—*Title of Act.—Criminal Law.—Circuit Court.—Affi-davit.*—The title of the act entitled "an act relating to prosecutions by affidavit and information" (Acts 1873, p. 183) does not embrace the subject of prosecutions for misdemeanors by affidavit alone; and a prosecution for a misdemeanor cannot be commenced by affidavit alone in the circuit court.

From the Jennings Circuit Court.

*D. Overmyer* and *A. G. Smith,* for appellant.

*J. C. Denny,* Attorney General, for the State.

OSBORN, J.—This was a prosecution for a misdemeanor, commenced by affidavit in the circuit court.    A motion to quash the affidavit was made and overruled, and an excep-

tion taken. The appellant pleaded not guilty. The cause was tried by the court, who found the appellant guilty, and assessed a fine against him, and, over a motion for a new trial, rendered judgment on the finding.

An act of the General Assembly entitled "an act relating to prosecutions by affidavit and information," approved March 8th, 1873 (Acts 1873, p. 183), provides, that thereafter prosecutions in the circuit courts for misdemeanors cognizable therein may be by affidavit as well as by indictment by the grand jury, and that all laws on the subject of prosecution by affidavit not inconsistent therewith shall apply to all misdemeanors. It also provided, that nothing therein contained should be construed to change the law permitting prosecutions by indictment.

It will be observed that the title of the act relates to prosecutions by affidavit and information, whilst the act itself authorizes prosecutions by affidavit alone.

The purpose of the General Assembly, as indicated by the title, was to authorize prosecutions for misdemeanors in the circuit courts of the State in the same manner as they had been prosecuted in the courts of common pleas. The circuit courts had long possessed concurrent jurisdiction with the common pleas in such cases, and when that court was abolished it was thought advisable to permit the practice of that court to be adopted in the circuit court and prosecute by affidavit and information, instead of requiring all prosecutions to be by indictment as theretofore. But by the body of the act such offences might be prosecuted by affidavit without information. A prosecution by affidavit and information is very different from a prosecution by affidavit. An information is a well known and recognized pleading in criminal prosecutions in courts of superior jurisdiction. An affidavit is not. In our opinion, the title of the act does not embrace the subject of prosecutions for misdemeanors by affidavit alone. The word "information" in the title is a part of the substance of the subject of the act, and hence cannot be rejected as surplusage.

We do not consider it necessary to decide whether the act is not in violation of section 22 of article 4 of the constitution of the State.   It has been suggested that the practice would not be uniform if prosecutions in the same court might be by affidavit as well as by indictment.   But we decide nothing on that subject.

The judgment of the said Jennings Circuit Court is reversed.   The cause is remanded, with instructions to that court to quash the affidavit.