THE STATE, EX REL. RYAN, v. STEVENS ET AL.

From the Randolph Circuit Court.

J. W. Ryan, S. Colgrove, T. F. Colgrove, J. E. Neff, and J. S. Engle, for appellant.

E. L. Watson and L. J. Monks, for appellees.

WORDEN, J.—There are several other persons besides Stevens who should have been named in the assignment of errors as appellees. The appellees have filed a motion to dismiss the appeal on this ground, and the motion will have to be sustained. The first rule of this court has not been complied with.

The appeal is dismissed.

———————

JACKSON v. THE STATE.

CRIMINAL LAW.—Circuit Court.—Affidavit.—A prosecution for a misdemeanor commenced in the circuit court by affidavit without an information can not be sustained.

From the Switzerland Circuit Court.

J. A. Works, J. D. Works, and W. M. Smith, for appellant.

J. C. Denny, Attorney General, and C. A. Buskirk, Attorney General, for the State.

BIDDLE, J.—State prosecution commenced in the circuit court, by affidavit without an information, for obstructing a highway. Motion to quash the affidavit overruled, exception. Trial and conviction. Motion for a new trial overruled, and exception. Appeal.

In the case of Byrne v. The State, 47 Ind. 120, it was held that a prosecution for a misdemeanor, commenced in the circuit court by affidavit without an information, could not be sustained. According to that decision, this case is erroneous.

The judgment is reversed, cause remanded, with instructions to sustain the motion to quash the affidavit.