THE STATE *v.* THURSTON and Others.

THE STATE
v.
THURSTON.

When a person accused of a crime before a justice of the peace, is recognized
to appear in the Circuit Court, and is convicted in that Court, the costs of
the examination before the justice should not be included in the judgment.

*Wednesday,*
*June 5.*

ERROR to the *Franklin* Circuit Court.

DEWEY, J.—This was a motion made in the Circuit Court
to tax costs. The defendants in error, with several other
persons, were prosecuted before a justice of the peace for a
riot. The accused parties took a change of venue to another
justice, who inquired into the charge, and recognized several
of them to appear before the Circuit Court. An indictment
was found against the defendants in error for the riot com-
plained of, they were tried, convicted, and fined ; judgment
accordingly, and for the costs of prosecution. The question
presented by the motion to tax the costs is, whether the con-
victed persons were liable for the costs which were made
before the examining magistrates. The Circuit Court held
them not to be so liable.

This question depends entirely upon statutory provisions.
The indictment is founded upon the act respecting crime and
punishment, the 78th section of which provides that " prose-
cutions" in the Circuit Court, under that act, shall be insti-
tuted by presentment or indictment. R. S. 1838, p. 219.
The 80th section enacts that, in all cases of conviction of
any offence named in the statute, the costs of "prosecution"
shall be included in the judgment rendered against the con-
vict, unless the jury expressly find otherwise. *Id.* 220. A
justice of the peace, who recognizes a person accused before
him, is bound to send up the recognizance to the Circuit
Court ; but he is not required to accompany it with a trans-
cript of his proceedings, nor with a statement of the costs of
examination. R. S. 1838, p. 360. Had the legislature de-
signed that these costs should be taxed against the convict in
the Circuit Court, it is reasonable to suppose they would
have required them to be certified up, and expressly included
them in the judgment. We are strengthened in this conclu-
sion by the fact, that they did make such provisions in cases
of misdemeanors triable before justices and appealable to the
Circuit Court. Those cases, when appealed, commence in

the Circuit Court "*de novo* by indictment;" but the justice is required to send up a transcript of his proceedings, and the costs made before him are required to be taxed against the convict in the Circuit Court. *Id.* 362.

We think the term, "prosecution," in the 80th section of the act respecting crime and punishment, in reference to the costs for which a convicted person is liable, has the same meaning expressed by it in the 78th section, and does not extend beyond the presentment or indictment. We do not mean to say, however, that the same word, as used in other parts of the statute, has not a more extended signification.

The judgment of the Circuit Court is correct.

*Per Curiam.*—The judgment is affirmed.

*G. Holland,* for the state.

*J. M. Johnston,* for the defendants.