## COMMONWEALTH *vs.* THOMAS BOYLE.

An order of a justice of the peace, that a person charged with an offence of which the justice has concurrent jurisdiction with the court of common pleas, is "guilty of the offence so charged against him," and shall therefore recognize for his appearance before the next court of common pleas, is no bar to an indictment for the same offence.

An indictment, which charges the defendant with being a common seller of intoxicating liquors at a certain time in a certain town, " he not being then and there duly appointed and authorized therefor," sufficiently negatives his right to sell.

INDICTMENT on *St.* 1855, *c.* 215, § 17, found at December term 1858 of the court of common pleas in Hampshire, and alleging that the defendant, on the 1st of January 1858, and on divers other days from that day to the day of the finding of this indictment, at Hatfield in said county, " he not being then and there duly appointed and authorized therefor, was a common seller of intoxicating liquors."

The defendant pleaded in bar, that a complaint against him for being a common seller of intoxicating liquors at Hatfield, on the 1st of January 1858 and on divers other days from that day to the 5th of July 1858, had been made to a justice of the peace commissioned to try criminal cases; and the defendant was apprehended, and arraigned before said justice, and pleaded not guilty, " and was thereupon put to trial before said justice, and witnesses were examined, and said case fully heard and tried before said justice, on which trial, fully had and completed, it was considered and adjudged by said justice that the defendant was guilty of the offence of being a common seller, so charged against him. And this defendant says, that said complaint, apprehension, arraignment, trial, judgment and all said proceedings were regular, valid and in due form of law, and remain in full force and not reversed or annulled, all which appears by the record thereof before said justice remaining, a copy of which the defendant here produces. And the defendant says that said justice had full jurisdiction to arraign and try and convict this defendant as aforesaid, and had final jurisdiction to try and convict or acquit, and to sentence this defendant upon the offence charged in said complaint, and had jurisdiction of the person of this defendant therefor, and by reason of the premises acquired and had exclusive cognizance and jurisdiction of said offence; and that the offence charged in this indictment includes the offence charged in said complaint, and is in fact the same offence; and that the offence of being a common seller of intoxicating liquor on the first day of January A. D. 1858, and on divers days from that day to the fifth day of July A. D. 1858, included and charged in this indictment, is the identical offence charged in said complaint, and on which this defendant was tried as aforesaid; and that said justice assumed and took full jurisdiction of said offence, as he had authority and right to do; and that this court has not jurisdiction thereof and ought not to put this defendant upon trial therefor. And this he is ready to verify."

The record of the justice, after stating the complaint and arraignment, proceeded thus: " After hearing divers witnesses

sworn to testify the whole truth in the matter, and fully understanding the defence of said respondent, it is considered by the court that he is guilty of the offence so charged against him as a common seller. It is therefore ordered by the court that said respondent recognize to the Commonwealth in the sum of two hundred dollars, with sufficient sureties in the like sum, for the personal appearance of said respondent before the court of common pleas to be holden at Northampton within and for said county on the third Monday of December next, then and there to answer to all such matters and things as shall be objected against him the said respondent in behalf of said commonwealth, (but more especially to the within complaint,) and abide the order and sentence of said court thereon; and also for his personal appearance at any subsequent term of said court to which the same may be continued, if not previously surrendered and discharged; and so from term to term until the final decree, sentence or order of said court thereon, and to abide such final sentence, order or decree of said court; and in the mean time to keep the peace and be of good behavior, and not depart without leave; and recognized thereon as the law directs."

The district attorney demurred to this plea, and *Bishop*, J. sustained the demurrer, and ordered the defendant to answer over; and he then pleaded not guilty, and was convicted.

The defendant also moved in arrest of judgment, " 1st. Because there is no sufficient allegation that the defendant was not duly appointed and authorized to be a common seller, as charged in said indictment. 2d. Because there is no sufficient allegation of the time when the offence charged in the first count was committed. 3d. Because said first count is defective, uncertain and insufficient, so that no valid judgment can be rendered thereon." This motion was overruled, and the defendant excepted to all the rulings of the court.

*W. Allen, Jr.* for the defendant. 1. The court erred in sustaining the demurrer to the special plea. The justice of the peace had jurisdiction of the subject matter, concurrent with the court of common pleas. *Sts.* 1855, *c.* 215, § 17; 1858, *c.* 45, § 2. The punishment is absolute, and the same in both

1 *

courts; and this complaint cannot include an offence beyond the jurisdiction of a justice of the peace; in both of these particulars thus differing from the case of larceny. *Commonwealth* v. *Harris*, 8 Gray, 470. When the justice took jurisdiction of the case, it became exclusive of the court of common pleas. *Smith* v. *McIver*, 9 Wheat. 532. *Shelby* v. *Bacon*, 10 How. 68. *Mallett* v. *Dexter*, 1 Curt. C. C. 178. *State* v. *Tisdale*, 2 Dev. & Bat. 159. U. S. Dig. 1856, Autrefois Convict, pl. 5; Courts, pl. 19, 20, 23. Whart. Crim. Law, §§ 521, 547.

After the defendant had pleaded to the complaint, it was the duty of the justice to take final action upon it. Rev. Sts. *c.* 85, § 26. It is oppressive, after a trial, if the evidence shows only probable cause, to commit the defendant to await a prosecution. The Commonwealth could not abandon the prosecution, and commence a new one, and thus defeat the right of its attorney to a part of the penalty. *St.* 1855, *c.* 215, § 15. *Commonwealth* v. *Bundy*, 5 Gray, 305. *Commonwealth* v. *Rogers*, 9 Gray, . *Commonwealth* v. *Drew*, 3 Cush. 282. *Commonwealth* v. *Churchill*, 5 Mass. 174. *Commonwealth* v. *Cheney*, 6 Mass. 348.

The rule, that the pendency of an indictment cannot be pleaded to another indictment, holds only where they are in the same court, which may take notice of both; if in different courts, it must be shown by plea; otherwise, both might be put on trial at the same time.

2. The indictment must show that the defendant had no authority to do the act charged against him. 1 Archb. Crim. Pl. (5th Amer. ed.) 86, note. *Commonwealth* v. *Odlin*, 23 Pick. 279. *Commonwealth* v. *Thurlow*, 24 Pick. 380. *The King* v. *Earnshaw*, 15 East, 456. The offence charged is that of being a common seller, proof of which need not be confined to one town; whereas the negative in this indictment is limited to the town of Hatfield — thus differing from all previous cases. *Commonwealth* v. *Wilson*, 11 Cush. 412. *Commonwealth* v. *Lafontaine*, 3 Gray, 479. *Commonwealth* v. *McSherry*, 3 Gray, 481, note. *Commonwealth* v. *Clapp*, 5 Gray, 97. *Commonwealth* v *Conant*, 6 Gray, 482.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

METCALF, J. 1. The first plea, which the defendant filed in this case, was rightly adjudged bad on demurrer. Though a justice of the peace has original jurisdiction of the offence of being a common seller of intoxicating liquors, yet that jurisdiction is not exclusive, but is concurrent with the jurisdiction of the court of common pleas — now the superior court. He may therefore either try a defendant who is brought before him on a charge of being a common seller, or may bind him over to take his trial, on that charge, in that court. *Commonwealth* v. *Harris,* 8 Gray, 470.

2. The time and place of the commission of the offence being alleged with legal certainty, and the authority to sell at that time and place being sufficiently negatived, the motion in arrest of judgment was rightly overruled. *Exceptions overruled.*