## MONIGER v. THE STATE.

INFORMATION.—*Prosecution for Misdemeanor by.*—*Criminal Circuit Courts.*—The act of March 6th, 1873, abolishing the court of common pleas and transferring its jurisdiction to the circuit court, and the act of March 8th, 1873, entitled " an act relating to prosecutions by affidavit and information," taken together, give the right to proceed by affidavit and information for misdemeanors in the circuit courts; and, while criminal circuit courts are not specially named, it was the intention of the legislature to include them.

SAME.—Taking said statutes in connection with the criminal code relating to informations, 2 G. & H. 394, the prosecution should be by affidavit and information, although the body of the act of March 8th, 1873, uses the word " affidavit " only.

NEW TRIAL.—The affidavit of a party moving for a new trial on the ground of newly-discovered evidence must show that he has discovered evidence relating to the material facts of the case, of which he was ignorant at the time of the trial.

EVIDENCE.— *Weight of.*—Whether the evidence for the defendant is sufficient to overcome that for the State, which of itself is sufficient to justify a conviction for a misdemeanor, is a question so much within the province of the jury that the Supreme court will not reverse the judgment on the weight of evidence.

From the Marion Criminal Circuit Court.

*B. F. Davis* and *R. A. Black,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

DOWNEY, J.—Information against the appellant for selling intoxicating liquor to a person in the habit of getting intoxicated, on the 13th day of August, 1873, in violation of the sixth section of the act of February 27th, 1873. A motion to quash the information was made and overruled, and, on a trial by jury, the defendant was found guilty. His motion for a new trial was overruled, and final judgment was rendered against him.

Several questions are presented for our decision, by the assignment of errors.

It is urged that the prosecution can not be initiated by the filing of an affidavit and information in the criminal court, but must be commenced by indictment. The mode of com-

mencing prosecutions by affidavit and information was peculiar to the common pleas, while it was in existence. The act of March 6th, 1873, to divide the State into judicial circuits, etc., abolishing the courts of common pleas, etc. (Acts 1873, p. 87), has the following section:

"Sec. 79. Such circuit courts, in addition to the jurisdiction heretofore exercised by them, shall also have the same jurisdiction that has heretofore been exercised by the court of common pleas, and all laws and parts of laws concerning said courts of common pleas shall be hereafter construed to mean and apply to said circuit courts, so far as the same may be applicable, and the offices of common pleas judge and district attorney are hereby abolished."

On the 8th of March, 1873, the legislature passed an act entitled "an act relating to prosecutions by affidavit and information," Acts 1873, p. 183, which is as follows:

"That hereafter prosecutions in the circuit courts for misdemeanors cognizable therein may be by affidavit, as well as by indictment by the grand jury, and all laws on the subject of prosecutions by affidavit, not inconsistent herewith, shall apply to all misdemeanors."

The second section of the act declared that nothing therein contained should be construed to change the law permitting prosecutions by indictment.

While the question, if decided upon the section first quoted, might not be a clear one, we are of opinion that the two taken together give the right to proceed by affidavit and information, for misdemeanors, in the circuit courts. If there is supposed to be any question as to the right of a criminal circuit court so to proceed, we think it must have been the intention of the legislature to include them, although they are not specially named as such. See *Ex Parte Wiley*, 39 Ind. 549. Taking the acts quoted in connection with the provisions of the criminal code relating to informations, 2 G. & H. 394, we think it was intended that an information, as well as an affidavit, should be filed, although the body of the act last quoted uses the word "affidavit" only.

It is attempted to present a question relating to the rights of the defendant under a license which is said, in the brief, to have been granted to him " under the temperance law of 1865." There is some mistake here. We do not remember any such law, and counsel have not referred us to any. Another trouble which is equally, if not more, in the way is, that there is no intimation anywhere in the record that the defendant had a license under any law.

Two questions are submitted under the motion for a new trial. The first is the refusal of the court to grant a new trial on account of newly-discovered evidence. The affidavit of the defendant filed with the motion does not show that the defendant had discovered any evidence relating to the material facts of the case, of which he did not know at the time of the trial. It rather shows that the defendant was surprised by the evidence given by the prosecuting witness, which is not a ground for a new trial mentioned in the motion.

The other ground is, that the evidence was not sufficient to warrant the verdict of the jury. We do not regard the case as a very clear one, as the evidence appears to us, taking it all together. But the evidence for the State made a case against the defendant, and whether it was overcome by that produced by the defendant, was a question so much within the province of the jury that we cannot reverse the judgment on this ground.

The judgment is affirmed, with costs.