Butler *et al. v.* The State.

Filed Dec. 29, 1887.

No. 13,791.

BUTLER ET AL. *v.* THE STATE.

CRIMINAL LAW.—*Misdemeanor.—Justice of the Peace.—Lack of Authority to Inflict Adequate Penalty. — Recognizance. — Practice. — Statute Construed.—* Where, under the provisions of section 1636, R. S. 1881, a justice of the peace, after hearing the evidence against a prisoner charged with a misdemeanor, reaches the conclusion that he is not authorized to inflict adequate punishment, and takes a recognizance from the prisoner for his appearance at the proper court, it is only necessary for him to file such recognizance with the clerk of such court. His failure to file a transcript or the original papers does not affect the proceedings thereafter to be taken.

SAME.—*Criminal Pleading and Practice.—Trial in Circuit Court on Affidavit Alone.—Motion in Arrest.*—The defendants were arraigned before a justice of the peace upon an affidavit charging a misdemeanor. The justice, after hearing the evidence, concluded that he had not authority to inflict adequate punishment, and recognized the prisoners to the circuit court, transmitting thereto the papers in the cause. In the circuit

court a trial was had upon the original affidavit, without information, which resulted in a conviction.

*Held,* that the proceedings were invalid, and that a motion in arrest of judgment should have been sustained.

SAME.—*Prosecution in Circuit Court Must be by Indictment or Information.— Appeal.*—Criminal prosecutions in the circuit or criminal courts, except in cases of appeals from justices of the peace, must be based on indictment or on affidavit and information.

From the Parke Circuit Court.

*P. S. Kennedy, S. C. Kennedy, W. H. Thompson, J. West* and *F. M. Howard,* for appellants.

*L. T. Michener,* Attorney General, *J. T. Johnston, H. E. Hadley* and *H. Daniels,* for the State.

NIBLACK, J.—This was a criminal prosecution against the appellants, Benjamin Butler, Richard Butler and Major Butler, for an alleged assault and battery on one John W. Chesser, commenced before, and based upon an affidavit filed with, a justice of the peace.

The venue was changed to another justice, who, after hearing the evidence, came to the conclusion that the punishment he was authorized to inflict was not adequate to the nature of the offence shown to have been committed. Whereupon, at the request of the appellants, and by consent of the attorneys for the State, they, the appellants, were required to enter into a recognizance for their appearance at the circuit court on the first day of the ensuing term to answer the charge so preferred against them, which they did accordingly.

In the circuit court the appellants were tried upon the affidavit filed with the justice, no information having been filed upon it, and a jury found them guilty as charged, assessing a fine of three hundred dollars each against Benjamin Butler and Richard Butler, and of one hundred dollars against Major Butler.

After a return of the verdict, the appellants moved in arrest of the judgment upon the ground that, as no information had been filed, the court had no jurisdiction to try them

upon the charge contained in the affidavit. But that motion was overruled, and the State had judgment on the verdict, and the appellants complain that the circuit court erred in so refusing to arrest the judgment.

Under section 1625, R. S. 1881, any justice of the peace of the proper county may, upon complaint made upon affidavit alone, charging any person with the commission of a felony or a misdemeanor, cause such person to be arrested and brought before him for a preliminary examination, or a trial, as the nature of the charge may require. Where the charge amounts to a misdemeanor only, a jury may, under section 1635, be demanded.

Section 1643 is as follows: "Any prisoner against whom any punishment is adjudged may appeal to the criminal court, and, if there be none, then to the circuit court of the county, within ten days after trial, on entering into recognizance for his appearance at the next term of such court, as in other cases; and such appeal shall stay all proceedings."

Under a statute similar to the above it was held, in the case of *Wachstetter* v. *State*, 42 Ind. 166, that an appeal taken in pursuance of its provisions was triable in the criminal or circuit court upon the affidavit filed before the justice, without the necessity of filing an information in the cause, and such is doubtless the permissible, and in every way proper, practice under section 1643, above set out. This is upon the theory that, by the appeal, the criminal or circuit court acquires all the peculiar jurisdiction which the justice was entitled to exercise in the cause, and hence becomes authorized to hear and determine the appeal in a more summary way than a cause may be which is commenced in a court of general criminal jurisdiction. As applicable to this latter class of courts, section 1730, R. S. 1881, provides that " The first pleading on the part of the State is either an indictment or information," and under this and kindred provisions of our present criminal code, all criminal causes, originating in the

criminal or circuit courts, must be prosecuted either upon an indictment or affidavit and information. Section 1679, R. S. 1881; *Lindsey* v. *State*, 72 Ind. 39 ; *Hoover* v. *State*, 110 Ind. 349.

The only instance known to us in which a person may be tried on a criminal charge in a criminal or circuit court upon an affidavit alone, is upon an appeal from a justice of the peace under section 1643, to which reference has been made, as above stated.

As was said in the case of *Byrne* v. *State*, 47 Ind. 120, an information is a well recognized pleading in criminal prosecutions in courts of superior jurisdiction, but that an affidavit is not. See, also, *Moniger* v. *State*, 48 Ind. 383.

When complaint is made, and the person charged is taken before a justice of the peace, section 1636 requires that " Such justice or jury, if they find the prisoner guilty of a misdemeanor, shall assess his punishment; or if, in their opinion, the punishment they are authorized to assess is not adequate to the offence, they may so find, and, in such case, the justice shall hold such prisoner to bail for his appearance before the proper court, or commit him to jail in default of such bail."

When a justice of the peace reaches the conclusion that he is not authorized to inflict adequate punishment, and accepts a recognizance from the prisoner for his appearance before the proper court, as in this section provided, the affidavit filed with him as a complaint has performed its office, and has no longer any force or effect as a pleading in the cause. All that remains for the justice to do, of an essential character, is for him to file the recognizance with the clerk of the court in which the prisoner is required to appear. While it is entirely proper for him, also, to file a transcript of his proceedings, together with the original papers in the cause, with the clerk, he is not required to do so, as in cases of appeals, and his failure either to so file a transcript or the original papers does not affect the proceed-

Butler *et al. v.* The State.

ings which may thereafter be taken against the prisoner in the criminal or circuit court, which have no dependence upon those had before the justice.

A prisoner, having entered into such a recognizance as that provided for in section 1636, is simply required to appear in the court named in his recognizance to answer such charge as may be preferred against him, whether by indictment or by affidavit and information, as an original proceeding in that court, and not for further trial on the complaint filed with the justice. *State* v. *Thurston,* 7 Blackf. 148; Schroeder's McDonald's Treatise, 777.

The fact that the recognizance in this case was entered into at the request of the appellants, and by agreement of the parties, is of no consequence in a legal point of view. The general scope and meaning of the recognizance was not thereby enlarged, nor was any new or additional jurisdiction thereby conferred on the circuit court. *Fawcett* v. *State,* 71 Ind. 590.

What we have said necessarily leads us to the further conclusion that the circuit court erred in overruling the motion in arrest of judgment, and that for that error the judgment ought to be reversed. *Wisehart* v. *State,* 104 Ind. 407.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Filed Nov, 29, 1887.