Filed Sept. 26, 1893.

---

No. 621.

## STONER *v*. THE STATE.

JUSTICE OF THE PEACE.—*Misdemeanors.—Jurisdiction.— Court of Inquiry.—Binding Over to Circuit Court.—Jeopardy.*—Justices of the peace have concurrent jurisdiction with circuit and criminal courts, of misdemeanors wherein a fine of not more than twenty-five dollars is adequate for the offense committed; but where a fine of that amount is not adequate, they have no jurisdiction to convict. And when it is ascertained from the evidence that the offense, of the commission of which the defendant is found guilty, is such that an adequate fine can not be assessed in such court, it is the duty of the justice to hold the accused to the proper court, and, in such proceeding, the defendant has not been put in jeopardy in the meaning of the constitution; such proceeding being simply one of inquiry to determine whether the accused shall be bound over to a court of competent jurisdiction.

From the La Porte Circuit Court.

*J. E. McCullough, L. P. Harlan, M. W. Weir* and *W. E. Higgins,* for appellant.

*A. G. Smith,* Attorney-General, *Mortimer Nye* and *C. B. Andrews,* for the State.

Ross, J.—The appellant was indicted, tried and convicted, in the court below, for an assault and battery

upon one Philander H. Ackley.    From that judgment of
conviction this appeal is prosecuted, and appellant asks
a reversal for error of the court in overruling his motion
for a new trial.

The facts in this case, as gathered from the statement
of counsel, are, that on the 17th day of March, 1891, the
appellant was arrested and taken before Jacob Folant, a
justice of the peace of Center township, La Porte county,
Indiana, upon an affidavit filed with said justice, charg-
ing appellant with having committed an assault and
battery upon the person of one Philander H. Ackley.   A
change of venue was taken from said Folant, and the
cause sent for trial to Daniel Shaw, a justice of the peace
of Union township, La Porte county, Indiana, where the
cause was tried before a jury, and the following verdict
returned:   "We, the jury, find the defendant guilty as
he stands charged in the affidavit, but, in our opinion,
the punishment we are authorized to affix is not adequate
to the offense."   Said justice thereupon held the appel-
lant to bail in the sum of two hundred dollars, for his
appearance in the La Porte Circuit Court.   On the 9th
day of September, 1891, he was indicted by the grand
jury, and, on November 30, 1891, was put on trial upon
said indictment.   The only question presented on this
appeal relates to the ruling of the court in excluding the
papers and record of the proceedings before Justices
Folant and Shaw, offered by the appellant.   Counsel very
earnestly argue, in support of their contention, that the
decision of this case necessarily involves the constitu-
tionality of section 1636, R. S. 1881, which reads as fol-
lows:   "Such justice or jury, if they find the prisoner
guilty of a misdemeanor, shall assess his punishment; or
if, in their opinion, the punishment they are authorized
to assess is not adequate to the offense, they may so find,
and, in such case, the justice shall hold such prisoner to

bail for his appearance before the proper court, or commit him to jail in default of such bail.''

In this contention of counsel, we can not agree, but think the only question presented is whether or not the appellant has been put in jeopardy twice for the same offense.

The Supreme Court, in *Butler* v. *State*, 113 Ind. 5, says: ''A prisoner, having entered into such a recognizance as that provided for in section 1636, is simply required to appear in the court named in his recognizance to answer such charge as may be preferred against him, whether by indictment or by affidavit and information, as an original proceeding in that court, and not for further trial on the complaint filed with the justice.''

The justice's court in such an event, is simply a court of inquiry to determine whether or not the accused shall be bound over. In the upper court, he is not tried upon the affidavit filed before the justice, and in recognizing him to the circuit court it is not necessary for the justice to file a transcript of the papers and proceedings with the clerk, for the reason that any further prosecution in the circuit court does not depend upon the proceedings had before the justice. *Butler* v. *State, supra.*

It is so well settled that it is wholly unnecessary to cite authorities, that when an accused person has been put on trial upon a valid indictment before a competent jury, jeopardy attaches, and whether convicted or acquitted, he can not be tried again for the same offense upon a new or different charge.

At just what stage of the trial jeopardy attaches, depends upon the regularity of the preliminary steps to be taken previous to the commencement of the trial. If an accused is put upon trial without having first been arraigned and plead to the indictment, jeopardy does not attach, because, until such preliminary steps have been

taken, no issue has been formed upon which a verdict of guilty can be sustained. *Graeter* v. *State*, 54 Ind. 159; *Tindall* v. *State*, 71 Ind. 314; *Weaver* v. *State*, 83 Ind. 289.

Justices of the peace have concurrent jurisdiction with the criminal court and circuit court to try and determine all cases of misdemeanor, punishable by fine only, not exceeding twenty-five dollars. If, however, a prosecution for a misdemeanor has been instituted in a justice's court, and, upon a trial, it becomes apparent to such justice that he has no jurisdiction to assess a fine sufficiently large to punish the accused for the offense committed, he shall not discharge the accused, but, acting simply as an examining court, under section 1636, *supra*, shall hold him to bail for his appearance before the proper court. Unless he has jurisdiction to assess a fine adequate to the offense, he can not enter a conviction which would be a bar to a subsequent prosecution of the offense before the proper tribunal.

WORDEN, C. J., in *State* v. *Hattabough*, 66 Ind. 223, says: "Is a conviction or an acquittal before a justice of the peace, of an assault and battery, a bar to a prosecution for the same assault and battery with intent to commit a felony?

"To free the question from any confusion of ideas in respect to the jurisdiction of justices, we think it may be stated as follows:. Does a conviction or an acquittal of a simple assault and battery, before a court of competent jurisdiction to try the same, bar a subsequent prosecution for the same assault and battery with intent to commit a felony?

"This question, in our opinion, must be answered in the negative, on principles which we regard as well established, though there are some authorities that seem to support a contrary doctrine."

Stoner *v*. The State.

A trial and conviction or acquittal of defendant before a justice of the peace, accused of a misdemeanor of which said justice has no jurisdiction, would be absolutely void, and would not be a bar to a subsequent prosecution in a court of competent jurisdiction. The circuit court had originally inherent jurisdiction to punish all crimes and misdemeanors, and still retains it, except specially taken from it by statute. Justices of the peace have no original jurisdiction, but jurisdiction is conferred upon them only by special and direct statutes. They are clothed with power to hear and determine misdemeanors wherein it is ascertained that a fine of not more than twenty-five dollars is adequate for the offense committed, but when a fine of that amount is not adequate, they have no jurisdiction to convict. The grade of the offense, where simple assault and battery is charged, can not be ascertained from the affidavit filed before the justice, but can only be determined from the evidence on the trial. When this is ascertained, either by the court, if tried by the court without the intervention of a jury, or by the verdict of the jury, stating that the offense of the commission of which they find the defendant guilty, is such that they can not assess a fine adequate thereto, it is the duty of the justice to hold the accused to the proper court. In no other way, except on a trial before the justice, can the right of jurisdiction be ascertained; hence, upon such inquiry, a finding and holding to the proper court is not a putting in jeopardy within the meaning of section 14, of article 1, of the Constitution of the State of Indiana.

We think the court below committed no error in excluding the offered evidence.

Judgment affirmed.

Filed Oct. 31, 1893.