FRANK HARSHBARGER *v.* O. M. PHIPPS, *Justice, etc.*

(No. 8214)

Submitted February 11, 1936. Decided February 25, 1936.

*Daugherty & Daugherty,* for plaintiff in error.
*E. E. Winters, Jr.,* for defendant in error.

KENNA, JUDGE:

This writ of error is prosecuted to a judgment of the Circuit Court of Cabell County entered on the 20th day of May, 1935, declining to issue a peremptory writ of mandamus directed to O. M. Phipps, a justice of the peace of that county, at the relation of Frank Harshbarger.

The petition filed in the circuit court by the plaintiff in error alleges that on the first day of May, 1935, he was arrested upon a warrant sworn out before O. M. Phipps, a justice of the peace of Cabell County, and, upon being taken before the justice on that day, his case was set for May 6, 1935; that on May 6, 1935, his case was continued until May 9, 1935; that on the 9th day of May, 1935, he appeared before the justice of the peace and demanded trial by a jury of six and made the deposit of eight dollars required by statute; that the deposit is still held by the justice of the peace; that the state appeared by counsel and, notwithstanding the demand of the defendant for a jury trial, moved that the justice of the peace hold a preliminary examination; that the motion of the state was sustained, and the case continued to May 16, 1935. The petition for the rule in mandamus was presented in the Circuit Court of Cabell County on May 10, 1935, six days before the date fixed by the justice for the hearing of the preliminary examination. The prayer of the petition is that the justice may be required to accord the accused a jury trial instead of a preliminary examination.

The relator argues that because the act of March 9, 1935, (Ch. 30, House Bill No. 56) repealed Code, 60-2-8, which gave to the prosecuting attorney and to the other officers therein named the right, before trial, to elect whether, in the presentation of misdemeanor cases under that chapter before a justice of the peace, a trial upon the merits or a preliminary examination should be held, that the provisions of 50-18-7, Code, giving the ac-

cused the right to a jury trial in prosecutions before a justice of the peace in those cases where the penalty exceeds a fine of five dollars or is imprisonment, have become mandatory and are not subject to the right of the state to elect to hold a preliminary examination only in the same class of cases.

The respondent, on the other hand, contends that the circuit court has concurrent jurisdiction with justices of the peace to try misdemeanor cases, and that, furthermore, the provisions of chapter 62, Code, providing for preliminary examinations before justices of the peace in misdemeanor cases, read with the provisions giving justices of the peace jurisdiction to dispose of misdemeanor cases on their merits, contemplates an election to be made by the state as to which course shall be taken before the justice.

This case does not present a question of the constitutional right of trial by jury. The constitutional right to trial by jury in a criminal case is not satisfied by such a jury as is impaneled in a justice's court, but the provision for an appeal as a matter of right from the judgment of a justice of the peace, and thus according a trial by a jury of twelve men in the circuit court, the constitutional guarantee is fully met. *Vetock* v. *Hufford*, 74 W. Va. 785, 787, 82 S. E. 1099.

From a reading of the various code provisions, it is quite clear that in this class of misdemeanors there is jurisdiction before the justice of the peace to try and dispose of the matter on its merits. It is equally clear that original jurisdiction in the same class of misdemeanors is vested in the circuit court, and that, complementary to that procedure, preliminary examinations of accused persons may be conducted before justices of the peace. As long as these two routes are open, there is, of course, an election to be made by someone as to which of them shall be pursued in a given case. None of the statutes gives this right to the accused. There is nothing about the issuance of a warrant for a misdemeanor that constitutes an election as between a trial upon the merits or a preliminary hearing. Such authori-

ties as deal with this question are to the effect that the right of election lies with the examining magistrate. Bishop's New Crim. Pro., (2d Ed.), p. 188, section 235; *Butler* v. *State,* 113 Ind. 5, 14 N. E. 247; *Commonwealth* v. *Boyle,* 80 Mass. 3; *Re Farquhar Macrae,* 4 B. C. 18. We have been unable to find any authority for the proposition that, in the absence of a statute specifically conferring it, the prosecuting officer may make the election.

In the case before us, however, there is no question presented as to the right of the prosecuting attorney actually to make the election. In the case at bar, the prosecuting attorney merely moved the justice of the peace that he accord the accused a preliminary examination instead of trying the case upon the merits. This motion was sustained and the justice of the peace, by sustaining the motion, actually made the election to proceed with a preliminary examination.

The authorities above cited indicate that the justice of the peace may proceed to proof without stating whether the accused is being subjected to a preliminary examination or is being tried upon the merits of the accusation, and may make the election upon considering the case after the proof is in. However, in this state, since the accused is accorded by statute the right to demand a jury trial in those cases where the merit of the accusation itself is being tried before the justice, it would seem doubtful whether this right could be put in question by the justice declaring after the proof was in that he was conducting a preliminary examination and not trying the case.

In the light of the foregoing observations, we are of the opinion that the Circuit Court of Cabell County correctly declined to issue the peremptory writ of mandamus requiring that the accused be tried by the justice of the peace before a jury; and that the justice, under all of the circumstances, was within his lawful right in electing to hold a preliminary examination. Therefore, the judgment of the Circuit Court of Cabell County is affirmed.

*Affirmed.*