STATE *ex rel.* HUBERT DALE BURDETTE

*v.*

GEORGE M. SCOTT, *Circuit Judge, Fifth Judicial Circuit*

(No. 14583)

Decided November 13, 1979.

*Larry L. Skeen* for relator.

*Chauncey H. Browning,* Attorney General, *David P. Cleek,* Assistant Attorney General, for respondent.

MILLER, JUSTICE:

This original proceeding in prohibition presents the question of whether a defendant charged in a magistrate court by warrant with an offense of which that court has jurisdiction has the right to be tried in that court, or whether the prosecutor may elect to dismiss the warrant, present the case to the grand jury, and proceed to trial in the circuit court. The parties agree that the answer to this question lies in the proper interpretation of W. Va. Code, 50-5-7 (1976).[1]

The relator, Hubert Burdette, was arrested in Jackson County on March 10, 1979, and charged by warrant in a magistrate court with the misdemeanor offense of driving a motor vehicle while "under the influence of alcohol." W. Va. Code, 17C-5-2(a) and (c) (1976). At his request, a jury trial was scheduled in the magistrate court. However, prior to trial the Jackson County Prosecutor dismissed the warrant and presented the case to a grand jury, which indicted Burdette for the same offense.

After having moved unsuccessfully to quash the indictment on the ground that Burdette had the right to be tried in magistrate court, his attorney filed the present writ of prohibition.

W. Va. Code, 50-5-7 (1976), forms a part of the statutory

---

[1]"Every defendant charged in a magistrate court in a criminal proceeding which is within the jurisdiction of the court shall have the right to a trial on the merits in the magistrate court."

structure created by the Legislature in 1976 pursuant to the Judicial Reorganization Amendment of 1974, to replace the justice of the peace system with a magistrate system. *See generally West Virginia Judicial Inquiry Commission v. Allamong*, _____ W. Va. _____, 252 S.E.2d 159 (1979).

Under W. Va. Code, 50-2-3 (1976), a magistrate court has jurisdiction "of all misdemeanor offenses committed in the county and to conduct preliminary examinations on warrants charging felonies committed within the county." This statute enlarges the criminal jurisdiction of the magistrate courts, which under the justice of the peace system had been confined to certain statutorily enumerated offenses under W. Va. Code, 50-18-1 (1971). *Ex parte Gilbert*, 78 W. Va. 658, 90 S.E. 111 (1916). It would appear that one of the legislative purposes behind the statute enlarging the criminal jurisdiction of magistrate courts was to alleviate the burden on the circuit courts in regard to minor criminal cases.[2]

Prior to the passage of the Judicial Reorganization Amendment and the enactment of W. Va. Code, 50-5-7 (1976), we held in *Harshbarger v. Phipps*, 117 W. Va. 134, 184 S.E. 557 (1936), that where a justice of the peace and a circuit court had concurrent criminal jurisdiction and a warrant had been issued by the justice of the peace, it was not the prerogative of the prosecutor to determine in which court the case would be tried, but that this decision rested with the justice of the peace:

"From a reading of the various code provisions, it is quite clear that in this class of misdemeanors there is jurisdiction before the justice of the peace to try and dispose of the matter on its merits. It is equally clear that original jurisdiction in the same class of misdemeanors is vested in the circuit court, and that, complementary to that procedure, preliminary examinations of ac-

[2]We are reinforced in this view by the fact that the civil jurisdiction of magistrate courts was expanded by the Legislature from $300, W. Va. Code, 50-2-1(a) (1931), to $1,500, W. Va. Code, 50-2-1 (1976).

cused persons may be conducted before justices of the peace. As long as these two routes are open, there is, of course, an election to be made by someone as to which of them shall be pursued in a given case. None of the statutes gives this right to the accused. There is nothing about the issuance of a warrant for a misdemeanor that constitutes an election as between a trial upon the merits or a preliminary hearing. Such authorities as deal with this question are to the effect that the right of election lies with the examining magistrate. Bishop's New Crim. Pro., (2d Ed.), p. 188, § 235; Butler v. State, 113 Ind. 5, 14 N.E. 247; Commonwealth v. Boyle, 14 Gray (80 Mass.) 3; Re Farquhar Macrae, 4 B.C. 18. We have been unable to find any authority for the proposition that, in the absence of a statute specifically conferring it, the prosecuting officer may make the election." [117 W. Va. at 136–37, 184 S.E. at 558]

*Harshbarger* was decided under a former statute, W. Va. Code, 50-18-7 (1931), which merely provided the right to a jury trial in a justice of the peace court.[3] This statute did not contain the mandatory language now found in W. Va. Code, 50-5-7 (1976), which states: "Every defendant charged in a magistrate court in a criminal proceeding which is within the jurisdiction of the court shall have the right to a trial on the merits in the magistrate court." Thus, if the defendant is charged in the magistrate court with an offense within the magistrate's jurisdiction, the trial is to be held in the magistrate court.

---

[3]W. Va. Code, 50-18-7 (1931), provided in material part:

"When the penalty authorized by law is a fine exceeding five dollars, or imprisonment, the accused shall be entitled to a trial by twelve jurors, or a less number if demanded, under the regulations respecting such trials in civil suits before justices; except that the jury shall be sworn well and truly to try the case between the State and the accused, and to give a true verdict according to the evidence, and that in drawing the names of jurors four more names shall be drawn than will be required after each side has exercised its right to two peremptory challenges. . . ."

The only word that might be considered ambiguous in W. Va. Code, 50-5-7 (1976), is "charged." Yet, W. Va. Code, 62-1-1 and -2 (1965), make it clear that a person is "charged" with a crime once a written complaint has been filed against him and a judicial officer, having found that the complaint contains sufficient facts to establish probable cause that a crime has been committed by the defendant, issues a warrant. When these sections are read together with W. Va. Code, 50-5-7 (1976), as required under W. Va. Code, 50-4-2 (1976),[4] the word "charged" has no ambiguity.

We, therefore, conclude that W. Va. Code, 50-5-7 (1976), requires that if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in the magistrate court.

Even though W. Va. Code, 50-5-7 (1976), gives exclusive jurisdiction to a magistrate court once the defendant is charged by warrant in that court with an offense within its jurisdiction, this does not mean that the circuit court has no initial jurisdiction over misdemeanor offenses. Concurrent jurisdiction still exists. Article VIII, Section 6 of the West Virginia Constitution, and Code, 51-2-2 (1978), give circuit courts jurisdiction of "all crimes and misdemeanors." Under W. Va. Code, 62-1-10 (1965), a circuit judge has the power to issue warrants and thereby can initially assume jurisdiction. Moreover, the prosecutor can initiate any criminal proceeding through a grand jury indictment. W. Va. Code, 62-2-1 (1931); *State v. Lucas*, 129 W. Va. 324, 40 S.E.2d 817 (1946). Either avenue makes the circuit court an available forum for the trial of misdemeanor offenses without the necessity of utilizing the magistrate court.

Here, the defendant was initially charged in the magistrate court and the offense was one over which that

---

[4]The material part of W. Va. Code, 50-4-2 (1976), states:

"Criminal actions shall be commenced by warrant obtained and executed in compliance with the provisions of article one [§ 62-1-1 et seq.], chapter sixty-two of this Code."

court had jurisdiction. The defendant did not expressly waive his right to trial in the magistrate court, nor did that court relinquish its jurisdiction.[5] Under W. Va. Code, 50-5-7 (1976), the magistrate court had exclusive jurisdiction, since the defendant was initially charged in that court. Therefore, prohibition will lie to prevent the circuit court from exercising its jurisdiction, since it was without jurisdiction in view of the initial invocation of the magistrate court's jurisdiction. *E.g., State ex rel. Atkinson v. Belcher,* _____ W. Va. _____, _____ S.E.2d _____ (September 25, 1979) (No. 14371); *State ex rel. McCartney v. Nuzum,* _____ W. Va. _____, 248 S.E.2d 318 (1978); *State ex rel. Lynn v. Eddy,* 152 W. Va. 345, 163 S.E.2d 472 (1968).

For the foregoing reasons, the writ of prohibition is awarded.

*Writ awarded.*

---

[5] W. Va. Code, 50-4-6 (1976), suggests that a defendant may expressly waive his right to a trial in the magistrate court:

"When a warrant is executed in a criminal proceeding the defendant shall be notified of the return date set by the court. The defendant shall appear before the magistrate on or before the return date. In the event a trial or preliminary examination is not expressly waived by such defendant, the magistrate shall set a date for such trial or preliminary examination and shall notify all parties."

For the reasons set out in *Harshbarger v. Phipps,* 117 W. Va. 134, 184 S.E. 557 (1936), we do not deem this an absolute right, but a qualified one dependent upon the consent of the magistrate to relinquish jurisdiction and transfer the case to the circuit court.