IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

January 2016 Term

FILED
**February 11, 2016**

released at 3:00 p.m.
RORY L. PERRY, II CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

No. 15-0940

STATE OF WEST VIRGINIA EX REL. MARK A. SORSAIA,
PROSECUTING ATTORNEY FOR PUTNAM COUNTY,
Petitioner

v.

HONORABLE PHILLIP M. STOWERS,
JUDGE OF THE CIRCUIT COURT OF PUTNAM COUNTY,
AND CALEB TOPARIS,
Respondents

Petition for Writ of Prohibition

WRIT GRANTED

Submitted:  January 20, 2016
Filed:  February 11, 2016

Kristina D. Raynes, Esq.
Assistant Prosecuting Attorney
Winfield, West Virginia
Attorney for State of West Virginia

Robert B. Kuenzel, Esq.
Kuenzel & Associates, PLLC
Chapmanville, West Virginia
Attorney for Caleb Toparis

JUSTICE LOUGHRY delivered the Opinion of the Court.

SYLLABUS BY THE COURT

1. "The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented." Syl. Pt. 5, *State v. Lewis*, 188 W.Va. 85, 422 S.E.2d 807 (1992).

2. "The right to a trial without unreasonable delay is basic in the administration of criminal justice and is guaranteed by both the State and Federal constitution. U.S. Const. Amend. VI; W.Va. Const., Art. 3, § 14." Syl. Pt. 1, *State v. Foddrell*, 171 W.Va. 54, 297 S.E.2d 829 (1982).

3. "If a conviction is validly obtained within the time set forth in the three-term rule, *W.Va.Code* 62-3-21 [1959], then that conviction is presumptively constitutional under the speedy trial provisions of the *Constitution of the United States*,

i

Amendment VI, and *W.Va. Constitution*, Art. III, § 14." Syl. Pt. 3, *State v. Carrico,* 189 W.Va. 40, 427 S.E.2d 474 (1993).

4. When a magistrate court grants a motion filed by a defendant voluntarily waiving the right to trial in magistrate court on a misdemeanor charge and requesting the transfer of that misdemeanor charge to circuit court for resolution, the State is no longer required to bring the defendant to trial within one year of the execution of the criminal warrant as would otherwise be required by syllabus point three of *State ex. rel. Stiltner v. Harshberger*, 170 W.Va. 739, 296 S.E.2d 816 (1982). Upon the magistrate court's transfer of the misdemeanor charge to circuit court, the defendant's right to a speedy trial is governed by West Virginia Code § 62-3-21 (2014).

5. The three-term rule set forth in West Virginia Code § 62-3-21 (2014) is triggered by the return of a valid indictment, presentment, or information.

LOUGHRY, Justice:

The State of West Virginia by petitioner, Mark A. Sorsaia, Prosecuting

Attorney for Putnam County, invokes this Court's original jurisdiction and seeks a writ of

prohibition to prohibit the respondent, the Honorable Phillip M. Stowers, Judge of the

Circuit Court of Putnam County, from dismissing two misdemeanor charges against the

respondent, Caleb Toparis. The State contends that the circuit court erred in finding that Mr.

Toparis's right to a speedy trial had been violated. Upon consideration of the parties' briefs

and arguments, the submitted appendix, and pertinent authorities, we find sufficient grounds

to grant the requested writ.

## I. Factual and Procedural Background

On April 24, 2014, a Putnam County Sheriff's deputy filed a criminal

complaint against Mr. Toparis. A warrant was issued that same day by a Putnam County

magistrate for Mr. Toparis's arrest for the felony offense of unlawful assault and the

misdemeanor offenses of domestic assault and domestic battery. The alleged victim was Mr.

Toparis's girlfriend.[1]

---

[1]According to the police report that was made a part of the appendix record submitted to this Court, the victim provided the following information to law enforcement. On March 19, 2014, the victim and Mr. Toparis began arguing after they left a party. The argument started in Mr. Toparis's car while the victim was driving. Mr. Toparis forced the victim to stop the car, after which he "started striking her in the left side of her face with a closed fist

1

On April 25, 2014, Mr. Toparis became aware of the arrest warrant and voluntarily presented himself to a magistrate in Logan County, who conducted an arraignment. Thereafter, a preliminary hearing was held on May 9, 2014, in the Magistrate Court of Putnam County. At that hearing, the magistrate found probable cause to hold the felony unlawful assault charge for the Putnam County grand jury's consideration. Mr. Toparis then voluntarily filed a motion to transfer the remaining two misdemeanor charges to the jurisdiction of the circuit court. The magistrate court granted the motion and transferred the misdemeanor charges to the Circuit Court of Putnam County by order entered May 9, 2014.

Subsequently, on February 27, 2015, the State filed an information in the Circuit Court of Putnam County charging Mr. Toparis with the misdemeanor offenses of domestic assault and domestic battery.[2] The parties appeared for a status hearing on March 27, 2015, and a pre-trial conference on May 1, 2015. At the pretrial conference, Mr. Toparis

and drug her from the driver's seat." The victim exited the car and ran for help, but eventually Mr. Toparis forced her back into the car on the passenger side. Mr. Toparis began driving but then stopped the car and started striking the victim again. The victim believed that she may have been knocked unconscious. Thereafter, the victim pleaded for Mr. Toparis to take her to her apartment. Mr. Toparis started driving fast and erratically but then stopped again and got out of the car. Mr. Toparis then began to strangle the victim saying he was going to kill her but she managed to bite the side of his face and get free. Eventually, Mr. Toparis took the victim to her apartment. She got out of the car and ran toward her apartment. Mr. Toparis attempted to follow saying he wanted "to come in and fix this," but the victim told him to leave and he did so.

[2]The State chose not to pursue the felony unlawful assault charge.

moved to dismiss the information, arguing that his right to a speedy trial had been violated because he had not been tried on the misdemeanor charges within one year of the execution of the warrant. Mr. Toparis based his motion upon this Court's decision in *State ex. rel Stiltner v. Harshbarger*, 170 W.Va. 739, 296 S.E.2d 861 (1982). In syllabus point three of *Stiltner*, this Court held:

> Unless one of the reasons specifically set forth in W.Va. Code, 62-3-21 [1959] for postponing criminal trials in circuit court beyond three terms of the circuit court exists, a criminal trial in magistrate court must be commenced within one year of the issuance of the criminal warrant and lack of good cause for delay beyond one year as defined in Code, 62-3-21 [1959] should be presumed from a silent record.

In response, the State asserted *Stiltner* was not applicable because Mr. Toparis had voluntarily transferred the misdemeanor charges against him to circuit court. Rejecting the State's argument, the circuit court concluded that the State was required to bring Mr. Toparis to trial within one year of the execution of the warrant because the case originated in the Magistrate Court of Putnam County. Accordingly, the circuit court granted Mr. Toparis's motion to dismiss because the one-year period had expired. The dismissal order was entered on June 4, 2015, and this petition for a writ of prohibition followed.

## II.  Standard for Issuance of a Writ of Prohibition

This Court held in syllabus point five of *State v. Lewis*, 188 W.Va. 85, 422 S.E.2d 807 (1992):

3

The State may seek a writ of prohibition in this Court in a criminal case where the trial court has exceeded or acted outside of its jurisdiction. Where the State claims that the trial court abused its legitimate powers, the State must demonstrate that the court's action was so flagrant that it was deprived of its right to prosecute the case or deprived of a valid conviction. In any event, the prohibition proceeding must offend neither the Double Jeopardy Clause nor the defendant's right to a speedy trial. Furthermore, the application for a writ of prohibition must be promptly presented.[3] (footnote supplied)

In this instance, the State contends that the circuit court abused its legitimate powers when it ruled that Mr. Toparis had not been afforded a speedy trial. We review de novo a circuit court's legal rulings and statutory interpretations. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995). With these standards in mind, we consider whether the requested writ of prohibition should be granted.

## III. Discussion

This Court has long recognized that "[t]he right to a trial without unreasonable delay is basic in the administration of criminal justice and is guaranteed by both the State and Federal constitution. U.S. Const. Amend. VI; W.Va. Const., Art. 3, § 14." Syl. Pt. 1, *State*

---

[3]Mr. Toparis urges this Court to dismiss this petition for a writ of prohibition as untimely because it was filed more than ninety days after the circuit court's dismissal order was entered. We decline to do so because Mr. Toparis was on notice of the State's pursuit of relief much earlier. The State had filed a petition appealing the circuit court's decision within thirty days of the dismissal order. Thereafter, the State filed its petition for a writ of prohibition and submitted a motion to withdraw the appeal, acknowledging that the proper mechanism was a petition for a writ of prohibition. The State's petition for appeal was dismissed from this Court's docket on October 5, 2015.

4

*v. Foddrell*, 171 W.Va. 54, 297 S.E.2d 829 (1982).[4]   In *Stiltner*, this Court observed that "[o]ur Legislature has given a statutory definition to the constitutional term 'without unreasonable delay' in circuit courts in *W.Va. Code,* 62-3-21" which "defines 'speedy trial' for circuit court proceedings as requiring that an accused be brought to trial within three terms of court after indictment."[5]  *Stiltner*, 170 W.Va. at 741, 296 S.E.2d at 863-64.  In other

_____

[4]Amendment VI of the United States Constitution provides, in pertinent part: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial[.]" Similarly,  article III, section 14 of the West Virginia Constitution, provides, in pertinent part: "Trials of crimes, and misdemeanors, unless herein otherwise provided, shall be . . . public, without unreasonable delay[.]"

[5]West Virginia Code § 62-3-21, which has not been amended since 1959, states:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace [magistrate], city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment.

words, "[i]f a conviction is validly obtained within the time set forth in the three-term rule, W.Va.Code 62-3-21 [1959], then that conviction is presumptively constitutional under the speedy trial provisions of the *Constitution of the United States*, Amendment VI, and *W.Va. Constitution*, Art. III, § 14." Syl. Pt. 3, *State v. Carrico,* 189 W.Va. 40, 427 S.E.2d 474 (1993). This Court found in *Stiltner*, however, that no "precise definition to *W.Va.Const.*, art. III, § 14 in the context of misdemeanor prosecutions upon warrants in magistrate court" existed. *Stiltner*, 170 W.Va. at 741, 296 S.E.2d at 863. Recognizing that the right to a speedy trial is equally applicable to the prosecution of misdemeanors in magistrate court, this Court proceeded to essentially apply to magistrate court criminal proceedings the three-term rule applicable in circuit court. *Id.* at 743, 296 S.E.2d at 865. Using, by analogy, the provisions of West Virginia Code § 62-3-21, this Court crafted the rule that a criminal trial in magistrate court must be commenced within one year of the execution of the criminal warrant absent good cause for delay beyond one year. *Stiltner*, 170 W.Va. at 740, 296 S.E.2d at 862, syl. pt. 3.[6]

---

[6]In syllabus point one of *State ex rel. Spadafore v. Fox*, 155 W.Va. 674, 186 S.E.2d 833 (1972), this Court explained how the three-term rule should be applied:

> Under the provisions of [W.Va.] Code, 62-3-21, as amended, the three unexcused regular terms of court that must pass before an accused can be discharged from further prosecution are regular terms occurring subsequent to the ending of the term at which the indictment was returned. The term at which the indictment was returned can not be counted as one of the three terms.

In this case, the State argues that by filing the motion to transfer his misdemeanor charges to circuit court, Mr. Toparis waived his right under *Stiltner* to be tried on those charges within one year of the execution of the criminal warrant. The State maintains that after the motion to transfer the misdemeanor charges was granted, Mr. Toparis became subject to the speedy trial rules applicable in circuit court. The circuit court rejected this argument based upon this Court's decision in *State ex rel. Johnson v. Zakaib*, 184 W.Va. 346, 400 S.E.2d 590 (1990). In *Johnson*, the defendant was arrested on a misdemeanor charge of aiding and abetting credit card fraud and was scheduled for trial in magistrate court. However, when the State and its witnesses did not appear for trial, the magistrate court dismissed the charges without prejudice. More than a year later, the defendant was indicted by a grand jury on the same charge. Thereafter, the defendant sought a writ or prohibition from this Court to prevent her prosecution. This Court granted the writ, finding that despite the concurrent jurisdiction afforded by the West Virginia Constitution to circuit courts over misdemeanor offenses, the State was not permitted to revive the misdemeanor charge by bringing a new indictment in circuit court more than one year after the execution of the original warrant. *Johnson*, 184 W.Va. at 351, 400 S.E.2d at 595. Accordingly, this Court held:

---

Rule 2 of the West Virginia Trial Court Rules provides that circuit courts have three terms of court each year. Because the term in which charges against a defendant are filed does not count, the State has more than a year to satisfy three-term rule in circuit court.

7

Where a misdemeanor warrant in a magistrate court is dismissed, further prosecution for the same offense by a new warrant or by an indictment after one year from execution of the original warrant is barred unless the record shows that one or more of the exceptions contained in W.Va. Code, 62-3-21 (1959), applies.

*Johnson*, 184 W.Va. at 348, 400 S.E.2d at 592, syl. pt.6. In finding *Johnson* applicable, the circuit court summarily discounted the fact that Mr. Toparis voluntarily transferred his case to circuit court. We find, however, that this critical distinction cannot be ignored.

In syllabus point two of *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 259 S.E.2d 626 (1979), this Court held: "W.Va. Code, 50-5-7 (1976), requires that if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in the magistrate court." Yet, this Court recognized that a defendant can expressly waive the right to trial in magistrate court. *Burdette*, 163 W.Va. at 710 n.5, 259 S.E.2d at 630 n.5. The motion to transfer executed by Mr. Toparis stated that he "expressed his . . . desire to waive the right to a magistrate court trial and instead . . . have his . . . misdemeanor case go directly to the circuit court for hearing and resolution." Unlike the defendant in *Johnson,* whose case was dismissed by the magistrate court because the State and its witnesses failed to appear for trial, Mr. Toparis voluntarily took affirmative action to have his misdemeanor charges transferred to the circuit court by expressly waiving his right to a magistrate court trial. This Court has explained that

8

> [t]he essential elements of a waiver . . . are the existence, at the time of the alleged waiver, of a right, advantage, or benefit, the knowledge, actual or constructive, of the existence thereof, and an intention to relinquish such right, advantage, or benefit. Voluntary choice is of the very essence of waiver. It is a voluntary act which implies a choice by the party to dispense with something of value, or to forego some advantage which he might at his option have demanded and insisted on.

*Hoffman v. Wheeling Sav. & Loan Ass'n*, 133 W.Va. 694, 712-713, 57 S.E.2d 725, 735 (1950) (quoting 56 Am.Jur. 113); *see also* Syl. Pt. 6, in part, *State v. Crabtree*, 198 W.Va. 620, 482 S.E.2d 605 (1996) ("Deviation from a rule of law is error unless it is waived. Waiver is the intentional relinquishment or abandonment of a known right. When there been such a knowing waiver, there is no error[.]"). Because the motion to transfer was executed by Mr. Toparis voluntarily and included an actual acknowledgment that the misdemeanor charges would be resolved in the circuit court,[7] we find that he waived his right to have his misdemeanor case tried within one year of the issuance of the criminal warrant. Indeed, at the moment the case was transferred to circuit court, the magistrate court rules were no longer applicable. As we have noted previously, "there are two distinct . . . bodies of law governing our magistrate courts and our circuit courts." *West Virginia Dept. of Health and Human Resources Employees Fed. Credit Union v. Tennant*, 215 W.Va. 387, 392, 599 S.E.2d 810, 815 (2004). In fact, it was the recognition that the three-term rule embodied in West

---

[7]During oral argument in this case, counsel for Mr. Toparis stated that the motion to transfer was made because Mr. Toparis did not want to subject himself to two trials, *i.e,* a trial in magistrate court on the misdemeanor charges and a trial in circuit court on the felony charge.

9

Virginia Code § 62-3-21 applies only to circuit courts that prompted this Court to craft the one-year magistrate court speedy trial rule that is at issue in this case. *Stiltner*, 170 W.Va. at 240, 796 S.E.2d at 862, syl. pt. 3.

We also note that applying the magistrate court speedy trial rule to the circuit court proceeding under these circumstances would be untenable. Requiring the State to comply with the magistrate court one-year speedy trial rule when an accused voluntarily transfers a misdemeanor charge to circuit court for resolution would give an unfair tactical advantage to criminal defendants. In that regard, a defendant could transfer his or her misdemeanor case to the circuit court close to the expiration of the one-year time period and cause the State to scramble to obtain a trial date on a crowded court docket to avoid dismissal of the charges. While the right to a speedy trial is fundamental to the fair administration of justice, it is not intended to be used as a strategic tool for defendants to gain an unfair advantage over the prosecution. Accordingly, for the reasons set forth above, we now hold that when a magistrate court grants a motion filed by a defendant voluntarily waiving the right to trial in magistrate court on a misdemeanor charge and requesting the transfer of that misdemeanor charge to circuit court for resolution, the State is no longer required to bring the defendant to trial within one year of the execution of the criminal warrant as would otherwise be required by syllabus point three of *Stiltner*. Upon the magistrate court's transfer

10

of the misdemeanor charge to circuit court, the defendant's right to a speedy trial is governed by West Virginia Code § 62-3-21.

At this juncture, there is no basis to conclude that Mr. Toparis has been denied a speedy trial. In that regard, the record reflects that after the case was transferred to the circuit court, the State formally charged Mr. Toparis with the misdemeanor offenses of domestic battery and domestic assault through an information filed on February 27, 2015. Rule 7 of the West Virginia Rules of Criminal Procedure affords the State the discretion to charge misdemeanors by indictment or information.[8] Although West Virginia Code § 62-3-21 states that it applies to "[e]very person charged by presentment or indictment with a felony or misdemeanor," obviously, "the 'three-term rule' is triggered by the return of a valid indictment, presentment or information." Franklin D. Cleckley, *Handbook on West Virginia Criminal Procedure* II-102 (2d ed. 1993). Indeed, given that Rule 7 permits misdemeanors to be charged by information, it would be absurd to conclude that the three-term rule is not triggered upon the filing of an information. "[I]t is this Court's duty 'to avoid whenever

---

[8]Rule 7 of the West Virginia Rules of Criminal Procedure, provides, in pertinent part:

(a) *Use of indictment or information.* An offense which may be punished by life imprisonment shall be prosecuted by indictment. Any other felony offense may be prosecuted by information if the indictment is waived. Any misdemeanor may be prosecuted by indictment or information. An information may be filed without leave of court.

possible a construction of a statute which leads to absurd, inconsistent, unjust or unreasonable results.'" *Taylor-Hurley v. Mingo County Bd. of Educ.*, 209 W.Va. 780, 787, 551 S.E.2d 702, 709 (2001) (quoting *State v. Kerns*, 183 W.Va. 130, 135, 394 S.E.2d 532, 537 (1990)). Accordingly, we further hold that the three-term rule set forth in West Virginia Code § 62-3-21 is triggered by the return of a valid indictment, presentment, or information.

The record in this case shows that Mr. Toparis was scheduled to be tried in circuit court upon the misdemeanor charges on June 8, 2015. Pursuant to Rule 2.29 of the West Virginia Trial Court Rules, the terms of court for Putnam County begin "on the first Monday in March and on the second Monday in July and November." Therefore, absent the dismissal of charges, Mr. Toparis would have been tried during the first full term of court following the filing of the information. Accordingly, Mr. Toparis's right to a speedy trial was not violated.[9]

---

[9]We are mindful of the fact that more than ten months lapsed between the transfer of Mr. Toparis's misdemeanor case and the State's filing of the information in circuit court. An inordinate delay between the transfer of a misdemeanor case to circuit court and the formal institution of charges would be subject to a due process analysis under the Due Process Clause of the Fifth Amendment to the United States Constitution and article III, section 10 of the West Virginia Constitution. *See State v. Cook*, 228 W.Va. 563, 723 S.E.2d 388 (2010) (setting forth framework to determine whether preindictment delay violated due process clause of United States and West Virginia Constitutions). In this case, Mr. Toparis has only asserted that he has been denied a speedy trial. Because Mr. Toparis did not assert a violation of his due process rights, such an analysis is not required.

## IV.  Conclusion

For the reasons set forth above, the circuit court exceeded its legitimate powers in dismissing the misdemeanor charges against Mr. Toparis.  Therefore, the State is entitled to relief in prohibition.  Accordingly, the June 4, 2015, dismissal order entered by the circuit court is vacated, and this case is remanded for further proceedings consistent with this opinion.

Writ  granted.