STATE OF WEST VIRGINIA,

*ex rel.* GARY LEE TATE

*v.*

ROBERT BAILEY, *As Magistrate Of Cabell County,*

*West Virginia,* AND JOHN CUMMINGS, *As Prosecuting*

*Attorney Of Cabell County, West Virginia*

(No. 14998)

Decided February 10, 1981.

*Phillip C. Duff* for relator.

*Chauncey H. Browning,* Attorney General, *and Richard S. Glaser, Jr.,* Assistant Attorney General, for respondents.

McHUGH, JUSTICE:

This action is before this Court upon the petition of Gary Lee Tate, filed herein on September 26, 1980, for a writ of habeas corpus ad subjiciendum and writ of mandamus, upon the October 7, 1980, order of this Court commanding and directing the respondents to show cause why a peremptory writ of mandamus should not be awarded against them, the answer of the respondents and all other matters of record, including a transcript of the July 1, 1980, hearing before Magistrate Robert Bailey of Cabell County, West Virginia, and upon the memoranda of law and argument of counsel.

On June 25, 1980, in Cabell County, West Virginia, Dusty Gossett and Terry Kincaid were struck by an automobile while crossing a street. The record indicates that as a result of the accident, Dusty Gossett died and Terry Kincaid was injured.

On June 26, 1980, the petitioner was arrested. On this date, a warrant (Case No. 80M 1571) was issued by Cabell County Magistrate William Baker charging the petitioner with the negligent homicide of Dusty Gossett. This warrant was dismissed on June 30, 1980, and on this date a second warrant (Case No. 80M 1626) was issued by Magistrate Baker charging the petitioner with the same offense. This warrant was dismissed on July 1, 1980, and on this date a third warrant (Case No. 80M 1632) was issued charging the petitioner with the death of Dusty Gossett. This third warrant was issued by Cabell County Magistrate Robert Bailey.

Also, on July 1, 1980, a warrant (Case No. 80M 1644) was issued by Magistrate Bailey charging the petitioner with

failing to stop at the scene of the accident wherein the petitioner allegedly struck Terry Kincaid. This warrant was dismissed on July 10, 1980.

Counsel was appointed for the petitioner on June 30, 1980.

At the July 1, 1980, hearing upon the charge of negligent homicide before Magistrate Bailey, the petitioner, by counsel, demanded a trial. However, the magistrate, upon taking evidence, bound the petitioner over to the Cabell County Grand Jury.[1]

In his petition before this Court for a writ of habeas corpus and writ of mandamus, the petitioner seeks an order directing Magistrate Bailey to enter a not guilty verdict based upon the evidence taken at the July 1, 1980, hearing. The petitioner also prays that the State be barred from further prosecution.

The respondents assert that because no trial of the petitioner occurred in magistrate court, the petitioner is not entitled to a verdict of not guilty. Rather, the respondents ask this Court to afford the petitioner a prompt trial in magistrate court.

The record is not determinative as to the reason for the dismissal of the warrants, in Case No. 80M 1571 and Case No. 80M 1626, charging the petitioner with negligent homicide. Nor is the record determinative as to the reason for the dismissal of the warrant, Case No. 80M 1644, relating to the injury of Terry Kincaid. The record does indicate, however, that the warrant in Case No. 80M 1632, charging the petitioner with the offense of negligent homicide, served as the basis of the July 1, 1980, hearing before Magistrate Bailey.

In *State ex rel. Burdette v. Scott*, 259 S.E.2d 626 (W. Va. 1979), the defendant was arrested in Jackson County and

---

[1] It is clear that the petitioner received a preliminary hearing rather than a trial. As Magistrate Bailey stated: "Well, this court does believe that the State has proved a good case on this charge. I am going to go along with the Prosecuting Attorney and bind this man, Gary Tate, to the grand jury. His bond will be set at $5,000." Transcript, July 1, 1980, at 18.

charged by warrant in a magistrate court with the misdemeanor offense of driving a motor vehicle while under the influence of alcohol (W. Va. Code, 17C-5-2). At the defendant's request, a jury trial was scheduled in magistrate court. However, prior to trial the Jackson County Prosecuting Attorney dismissed the warrant and presented the case to a grand jury, which indicted the defendant for the same offense.

This Court in *Burdette*, awarding a writ of prohibition to the defendant, held that W. Va. Code, 50-5-7, requires that "... if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in the magistrate court." (S.E.2d at 629)

This Court in *Burdette* noted that the criminal jurisdiction of the magistrate courts was enlarged by the 1976 enactment of W. Va. Code, 50-2-3, which statute provides that a magistrate court has jurisdiction "... all misdemeanor offenses committed in the county and to conduct preliminary examinations on warrants charging felonies committed within the county." Prior to the enactment of this statute, criminal jurisdiction, under the justice of the peace system, was confined to certain statutorily enumerated offenses.

It was noted in *Burdette* that while concurrent jurisdiction over misdemeanor offenses exists between the magistrate and circuit courts, where the defendant was initially charged by warrant in magistrate court and the defendant did not expressly waive his right to trial in magistrate court, nor did that court relinquish its jurisdiction, prohibition would lie to prevent the circuit court from exercising its jurisdiction (S.E.2d at 630).

Similarly, the petitioner in this action was initially charged by warrant in magistrate court with the misdemeanor offense of negligent homicide, over which offense the magistrate court has jurisdiction. W. Va. Code, 17C-5-1, and W. Va. Code, 50-2-3.

Moreover, the record does not reflect that the petitioner waived in writing his right to a jury trial in magistrate

court. W. Va. Code, 50-5-8, provides that a jury trial in a criminal proceeding in magistrate court may be waived if such waiver is made in writing.[2]

The record in this action contains no written waiver executed by the petitioner to a trial by jury in magistrate court.

This Court is of the opinion, therefore, that the petitioner, pursuant to the above statutory authority and the decision of this Court in *Burdette,* was denied his right to a trial in the Cabell County Magistrate Court upon the misdemeanor offense of negligent homicide. Clearly, no trial took place on July 1, 1980.[3]

However, for the reason that a trial of the petitioner was never conducted upon the charge, this Court is further of the opinion that the petitioner is not entitled, in this proceeding, to a verdict of not guilty. Rather, as the respondents contend, the petitioner should be promptly afforded a trial upon the merits.

Accordingly, although this Court is of the opinion that the petitioner is not entitled to an order directing the respondent Magistrate Bailey to enter a not guilty verdict as requested in the petition, this Court, for the reasons set forth above, is of the opinion that the petitioner is entitled to a trial upon the merits in magistrate court.

A writ of mandamus is, therefore, granted as moulded commanding and directing the respondent Magistrate Bailey to, as soon as practicable, conduct a trial upon the merits of the petitioner's case.

*Writ granted.*

[2] W. Va. Code, 50-5-8, provides in part:
Any defendant in any criminal action shall be entitled to a trial by jury, and any such verdict must be unanimous. A defendant in a criminal proceeding may waive a jury trial if he is advised of his right to a jury trial and such waiver is made in writing.

[3] The testimony adduced before Magistrate Bailey was summary in nature indicating, as the magistrate so directed, that the hearing was to be a preliminary hearing only.