STATE OF WEST VIRGINIA

*v.*

VIOLET LILLIAN ROMACA

(No. 14732)

Decided June 9, 1981.

*Thomas, Covert, King & Riffee and M. Joseph Thomas* for plaintiff.

*Chauncey H. Browning*, Attorney General, *Michael G. Clagett*, Assistant Attorney General, for defendant.

PER CURIAM:

Violet Lillian Romaca appeals from a 1978 misdemeanor manslaughter conviction in the Circuit Court of Kanawha County. Romaca's motion to dismiss the misdemeanor manslaughter indictment was overruled. Romaca contends, as she did below, that she has a statutory right to be tried for the offense in magistrate court because the State first charged her with the offense by warrant in magistrate court. The State confesses error, recognizing Romaca is entitled to a reversal under our decisions in *State ex rel. Tate v. Bailey*, ___ W.Va. ___, 274 S.E.2d. 519 (1981) and *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 259 S.E.2d. 626 (1979). We agree that the trial court committed an error of law in overruling Romaca's motion to dismiss the indictment and therefore we reverse and remand for further proceedings consistent with this opinion.

The facts are not in dispute and can be briefly stated. On January 10, 1978, a Kanawha County Magistrate issued a warrant charging Romaca with misdemeanor manslaughter arising out of a 1977 automobile accident which occurred in Kanawha County. Shortly thereafter petitioner appeared in person and by counsel in the Magistrate Court of Kanawha County and moved for continuance of the hearing on the warrant. The magistrate granted the motion and continued the case generally without fixing a date and time for any subsequent proceedings.

Romaca was subsequently indicted by the grand jurors attending the May 1978 Term of the Grand Jury of Kanawha County for misdemeanor manslaughter. This indictment concerned the identical matters previously charged in the warrant in magistrate court. She was convicted of the offense charged in October 1978 and was sentenced to one year in the Kanawha County jail.

Our pronouncements in *Tate* and *Burdette* require a reversal of the judgment under review. We held there:

"W.Va. Code, 50-5-7 (1976), requires that if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in

the magistrate court." Syl., *State ex rel. Tate v. Bailey,* ___ W.Va. ___, 274 S.E.2d 519 (1981), *citing,* Syl. pt. 2, *State ex rel. Burdette v. Scott,* 163 W.Va. 705, 259 S.E.2d 626 (1979).

The magistrate court clearly had jurisdiction over the misdemeanor offense for which Romaca had been charged by warrant. Furthermore, Romaca did not waive her right to trial on the merits in magistrate court nor did that court relinquish its jurisdiction.

For the foregoing reasons, the judgement of the Circuit Court of Kanawha County is reversed and the case is remanded for further proceedings consistent with this opinion.

*Reversed and remanded.*