400 S.E.2d 590

**STATE of West Virginia ex rel. Fredtricia Natalie JOHNSON**

v.

**Honorable Paul ZAKAIB, Jr., Judge of the Circuit Court of Kanawha County; and William C. Forbes, Prosecuting Attorney of Kanawha County.**

No. 19827.

Supreme Court of Appeals of West Virginia.

Dec. 14, 1990.

---

George Castelle, Public Defender, Charleston, for Fredtricia N. Johnson.

Mary Beth Kershner, Asst. Pros. Atty., Charleston, for William C. Forbes.

MILLER, Justice:

In this original proceeding in prohibition, we are asked to prevent the prosecution of the petitioner, Fredtricia Natalie Johnson, in the Circuit Court of Kanawha County on a charge of credit card fraud. The petitioner contends that prosecution in circuit court is barred because proceedings were originally brought in the Magistrate Court of Kanawha County and because of the delay between dismissal of the magistrate court charge and the return of the indictment in circuit court. We agree and grant a moulded writ.

On November 19, 1988, the petitioner was arrested on a misdemeanor charge of aiding and abetting credit card fraud in violation of W.Va.Code, 61–3–24a (1969).[1] She was released on a $500 bond conditioned upon her appearance for trial in magistrate court on January 3, 1989. On that day, the petitioner appeared, but the State and its witnesses did not. The magistrate dismissed the charge against the petitioner without prejudice. More than a year later, on February 12, 1990, the petitioner was indicted by the Kanawha County grand jury on the same charge.[2]

---

1. The relevant portion of W.Va.Code, 61–3–24a, reads:

"It shall be unlawful for any person knowingly to obtain or attempt to obtain credit, or to purchase or attempt to purchase any goods, property or service, by the use of any false, fictitious or counterfeit credit card, telephone number, credit number or other credit device, or by the use of any credit card, telephone number, credit number or other credit device of another beyond or without the authority of the person to whom such card, number or device was issued, or by the use of any credit card, telephone number, credit number or other credit device in any case where such card, number or device has been revoked and notice of revocation has been given to the person to whom issued."

2. In another count of the indictment, the petitioner was also charged with a felony violation of W.Va.Code, 61–3–24a. While petitioner asserts that this count should be considered as a part of the original magistrate court proceeding, it is clear that it is an entirely separate charge. We decline to consider it in this case. We note, however, that the delay in procuring an indictment on this charge is subject to the rule set out

The petitioner contends that under *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 259 S.E.2d 626 (1979), once the State elects to bring a misdemeanor charge in magistrate. court, a defendant has the right to have his case tried there under W.Va.Code, 50–5–7.[3] In *Burdette*, the defendant was arrested and charged in magistrate court with a misdemeanor offense. After he requested a jury trial in magistrate court, the prosecutor dismissed the charges. Subsequently, the prosecutor presented the case to the grand jury, which indicted the defendant on the same misdemeanor charge. The defendant sought a writ of prohibition from this Court to prevent proceedings in circuit court.

■ Relying on our earlier case of *Harshbarger v. Phipps*, 117 W.Va. 134, 184 S.E. 557 (1936), we held in Syllabus Points 2 and 3 of *Burdette:*

"2. W.Va.Code, 50–5–7 (1976), requires that if a defendant is charged by warrant in the magistrate court with an offense over which that court has jurisdiction, he is entitled to a trial on the merits in the magistrate court.

"3. Even though W.Va.Code, 50–5–7 (1976), gives exclusive jurisdiction to a magistrate court once the defendant is charged by warrant in that court with an offense within its jurisdiction, this does not mean that the circuit court has no initial jurisdiction over misdemeanor offenses. Concurrent jurisdiction still exists under Article VIII, Section 6 of the *West Virginia Constitution*, and *Code*, 51–2–2 (1978)."

in Syllabus Points 1 and 2 of *Hundley v. Ashworth*, 181 W.Va. 379, 382 S.E.2d 573 (1989):

"1. 'In those situations where there has been no arrest or indictment, the Sixth Amendment right to a speedy trial is not implicated. Yet, the prosecution may have substantially delayed the institution of criminal proceedings causing prejudice to the defendant by way of loss of witnesses or other evidence. In this situation, the Fifth Amendment due process standard is utilized.' Syllabus Point 2 of *State v. Drachman*, 178 W.Va. 207, 358 S.E.2d 603 (1987).

"2. The Due Process Clause of the Fifth Amendment to the United States Constitution

*See also State v. Romaca*, 167 W.Va. 119, 278 S.E.2d 891 (1981); *State ex rel. Tate v. Bailey*, 166 W.Va. 397, 274 S.E.2d 519 (1981). These principles are clearly applicable in this case.

■ As a second issue, the petitioner contends that the circuit court proceedings were time barred. In *State ex rel. Stiltner v. Harshbarger*, 170 W.Va. 739, 296 S.E.2d 861 (1982), we formulated several rules regarding speedy trial rights in magistrate court using, by analogy, the provisions of W.Va.Code, 62–3–21 (1959), the legislative speedy trial right in circuit court. In *Stiltner*, we held in Syllabus Points 1, 2, and 3:

"1. The speedy trial guarantee of *W.Va.Const.*, art. III, § 14 that provides for criminal trials 'without unreasonable delay' is applicable to magistrate courts.

"2. Ordinarily, unless good cause for delay exists, criminal trials in magistrate court should be commenced within one hundred and twenty days of the [execution] of a warrant; however, good cause for delaying a trial beyond one hundred and twenty days must be judged by the standards applicable under *W.Va.Code*, 62–3–1 [1975] to postponements in circuit court beyond one term of court and, consistent with our rules for circuit courts, absence of good cause cannot be presumed from a silent record.

"3. Unless one of the reasons specifically set forth in *W.Va.Code*, 62–3–21 [1959] for postponing criminal trials in circuit court beyond three terms of the circuit court exists, a criminal trial in magistrate court must be commenced within one year of the [execution] of the

and Article III, Section 10 of the West Virginia Constitution require the dismissal of an indictment, even if it is brought within the statute of limitations, if the defendant can prove that the State's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense."

**3.** W.Va.Code, 50–5–7, states: "Every defendant charged in a magistrate court in a criminal proceeding which is within the jurisdiction of the court shall have the right to a trial on the merits in the magistrate court."

criminal warrant and lack of good cause for delay beyond one year as defined in *Code*, 62–3–21 [1959] should be presumed from a silent record." [4]

■ Clearly, *Stiltner* was designed to provide much the same speedy trial protection in the magistrate courts as exists in the circuit courts. There are similar speedy trial provisions in both state and federal courts.[5] We spoke about the policy reasons behind the speedy trial rule in *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986), and concluded with this statement from *Barker v. Wingo*, 407 U.S. 514, 519–20, 92 S.Ct. 2182, 2186–87, 33 L.Ed.2d 101, 110–111 (1972):

" 'The right to a speedy trial is generally different from any of the other rights enshrined in the Constitution for the protection of the accused. In addition to the general concern that all accused persons be treated according to decent and fair procedures, there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused. The inability of courts to provide a prompt trial has contributed to a large backlog of cases in urban courts which, among other things, enables defendants to negotiate more effectively for pleas of guilty to lesser offenses and otherwise manipulate the system. In addition, persons released on bond for lengthy periods awaiting trial have an opportunity to commit other crimes.... Moreover, the longer an accused is free awaiting trial, the more tempting becomes his opportunity to jump bail and escape. Finally, delay between arrest and punishment may have a detrimental effect on rehabilitation.' (Footnotes omitted)." 176 W.Va. at 151, 342 S.E.2d at 116–17. (Ellipsis in original).

Recently in *State ex rel. Webb v. Wilson*, 182 W.Va. 538, 390 S.E.2d 9 (1990), we discussed the question of whether the three-term rule could be avoided in a circuit court where an indictment had been dismissed due to irregularities in impaneling the grand jury. A new indictment was procured more than three terms of court after the return of the original indictment. We held that the new indictment could not stand, stating in Syllabus Points 1 and 2:

"1. *W.Va.Code*, 62–3–21 [1959] limits the state to three unexcused regular terms of court, calculated in accordance with *State ex rel. Spadafore v. Fox*, 155 W.Va. 674, 186 S.E.2d 833 (1972), in which to bring an accused to trial on the charges contained in an indictment. Once three unexcused regular terms of court have lapsed, and the state has failed to bring the accused to trial on the charges contained in the indictment, the state may not further proceed on the charges contained in the indictment, for, under the plain meaning of the statute, the accused must be 'forever discharged' and the indictment dismissed.

"2. Once an accused is indicted, an entire panoply of constitutional rights attaches, including the right to trial without unreasonable delay, as implemented by *W.Va.Code*, 62–3–21 [1959], regardless of whether the indictment is dismissed as void after three unexecuted regular terms of court."

Here there is no question that the time period for trial in magistrate court under *Stiltner* has expired. Under *Webb*, the State would not be able to revive the charge by bringing a new indictment. We do not deem it significant in this case that the original charge was by warrant in magistrate court. Under *Burdette* and W.Va. Code, 50–5–7, the magistrate undoubtedly had jurisdiction.

---

4. In both Syllabus Points 2 and 3 of *Stiltner*, the bracketed word "execution" is substituted for the original word "issuance." We have held that the time period for a speedy trial begins to run when the defendant is apprehended under the criminal warrant. *See State ex rel. Boso v. Warmuth*, 165 W.Va. 247, 270 S.E.2d 631 (1980), *overruled on other grounds, State ex rel. Sutton v. Keadle*, 176 W.Va. 138, 342 S.E.2d 103 (1985).

5. *See* Annot., 39 A.L.R.4th 899 (1985); Annot., 71 L.Ed.2d 983 (1983); Annot., 46 A.L.R.Fed. 358 (1980). *See generally* 3 *Wharton's Criminal Procedure* § 420 (12th ed. 1975).

We emphasize that both *Stiltner* and *Webb* recognized the exceptions contained in W.Va.Code, 62–3–21, which would toll the running of the appropriate time period.[6] Here, there is no claim made that any of these exceptions would preclude application of the speedy trial rule.

We are not apprised of the reasons the State did not appear for trial in magistrate court. Under Rule 11 of the Rules of Criminal Procedure for the Magistrate Courts, where, as here, the defendant is not in custody, the parties are notified "not less than 14 days before such date of trial."[7]

Recently, in *State ex rel. Forbes v. McGraw*, 183 W.Va. 144, 394 S.E.2d 743 (1990), we recognized that W.Va.Code, 50–4–12 (1978), relating to dismissal of actions in magistrate court, was applicable to both criminal and civil cases.[8] We emphasized in *Forbes* that this statute was discretionary and that a dismissal with prejudice against the State for failure to prosecute is not appropriate in every case. This is simply because a dismissal with prejudice bars further prosecution. *See State ex rel. Pin-son v. Maynard*, 181 W.Va. 662, 383 S.E.2d 844 (1989).

We therefore conclude that where a misdemeanor warrant in a magistrate court is dismissed, further prosecution for the same offense by a new warrant or by an indictment after one year from execution of the original warrant is barred unless the record shows that one or more of the exceptions contained in W.Va.Code, 62–3–21, applies.

For the foregoing reasons, we issue a moulded writ of prohibition precluding further prosecution of the petitioner on Count II of the indictment. We grant no relief as to her prosecution under Count I of the indictment. *See* note 2, *supra.*

Writ granted as moulded.

**6.** In note 2 of *Webb*, 182 W.Va. at 539, 390 S.E.2d at 10, we listed these exceptions, quoting from W.Va.Code, 62–3–21:

"'[U]nless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict[.]'"

**7.** Rule 11 provides:

"**Notice of Trial.** When a defendant enters a plea of not guilty to a misdemeanor complaint or notifies the court of the intent to plead not guilty or otherwise to contest a misdemeanor citation, the court shall promptly schedule a date and time for trial.

"If the defendant is not in custody, all parties shall be notified by the court by first class mail not less than 14 days before such date of trial. If the defendant is in custody, trial shall be scheduled for the earliest practical date and all parties promptly notified. All such notices shall contain:

"(a) The date, place and time of trial;

"(b) A statement of the time periods in which pretrial motions must be filed, in accordance with Rule 12;

"(c) A statement of the manner in which pretrial motions may be filed; and

"(d) A statement of the restrictions upon continuances as set forth in Rule 12."

These rules are found in the Court Rules volume of the West Virginia Code.

**8.** W.Va.Code, 50–4–12, provides:

"A magistrate may render judgment against the plaintiff dismissing his action with prejudice to a new action and awarding costs to the defendant when (a) the plaintiff fails to appear and prosecute his action at the proper time for appearance; (b) the plaintiff fails or refuses to testify when properly required to do so; or (c) the plaintiff fails to give security for costs when properly required to do so. In cases (a) and (b) if the plaintiff shows cause why his action should not have been dismissed, the magistrate may set aside such judgment and continue the matter before him or may dismiss the action without prejudice.

"A magistrate shall dismiss a claim without prejudice if the summons is defective or erroneous and cannot properly be amended.

"A magistrate shall dismiss a claim without prejudice if the plaintiff requests such dismissal before trial. The dismissal of a claim shall not affect the right of any party to proceed to trial upon a counterclaim."