# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 12-0441** (Mercer County 11-F-98)

**Keith Ross,**
**Defendant Below, Petitioner**

**FILED**

June 7, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Keith Ross, by counsel R. Thomas Czarnik, appeals the circuit court's order denying his motion to set aside the jury verdict and grant a new trial. The State of West Virginia, by counsel Andrew Mendelson, filed its response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner and a co-defendant were charged in a seven count indictment returned by the grand jury in February of 2011. Petitioner and the co-defendant were charged with three counts of fraudulent use of an access device and one count each of credit card forgery, breaking and entering of an auto, petit larceny, and conspiracy. A jury trial was held on December 22 and 23, 2011, and petitioner was found guilty of three counts of fraudulent use of an access device and each of the counts of credit card forgery, petit larceny, and conspiracy. Petitioner was found not guilty of breaking and entering an auto. On February 29, 2012, petitioner was sentenced to the penitentiary for the determinate terms of ten years for each of the offenses of fraudulent use of an access device; the indeterminate term of not less than one nor more than ten years for the offense of credit card forgery; and the indeterminate term of not less than one nor more than five years for the offense of conspiracy. Petitioner was also sentenced to one year in the Southern Regional Jail for the offense of petit larceny. The circuit court ordered that the sentences were to run consecutively. The circuit court denied petitioner's motion to set aside the verdict and motion for a new trial. The circuit court then suspended the sentences for one count of fraudulent use of an access device, credit card forgery, petit larceny, and conspiracy. The court also ordered that petitioner be placed on probation for five years following his release from the penitentiary.

Petitioner appealed the circuit court's order asserting eleven assignments of error, though argument is not set forth for all of the assignments of error. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that petitioner's brief contain an argument exhibiting

1

clearly the points of fact and law presented. That Rule also requires that such argument "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal." As this Court previously found, "[a] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs." *State v. Kaufman*, 227 W.Va. 537, 555 n.39, 711 S.E.2d 607, 625 n.39 (2011) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)). Moreover, it is a petitioner's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Further, the judgment of the trial court will not be reversed unless error affirmatively appears from the record. *Id.* In addition, this Court has previously held that issues not addressed in an appellant's brief were deemed waived. *Damron v. Haines*, 223 W.Va. 135, 139 n.5, 672 S.E.2d 271, 275 n.5 (2008); *See In re Edward B.*, 210 W.Va. 621, 625 n.2, 558 S.E.2d 620, 624 n.2 (2001). Thus, this Court will only consider the assignments of error for which argument is set forth in the petition.

Petitioner first asserts that there was no evidence before the jury that he committed or participated in the acts alleged in counts one and two of the indictment (fraudulent use of an access device). In support of this assertion, petitioner claims that the only transaction that can be related to petitioner is count four, credit card forgery, for the purchase of three packs of cigarettes at a single convenience store. Respondent contends that the evidence presented at trial, viewed in the light most favorable to the State, was more than sufficient to find that petitioner was guilty of fraudulent use of an access device.

Petitioner also argues that there was no evidence presented by the State refuting petitioner's alibi beyond a reasonable doubt and that there was no evidence of forgery as charged in count four of the indictment. Petitioner points to the lack of handwriting analysis to support the conviction for credit card forgery. Respondent asserts that petitioner's own witnesses put him with the co-defendant at the time the crimes were committed and that the conviction itself evidences the fact that the alibi was rebutted. Respondent also argues that the video surveillance was sufficient evidence of forgery.

We have held that

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va.

657, 461 S.E.2d 163 (1995).

Syl. Pt. 5, *State v. Broughton*, 196 W.Va. 281, 470 S.E.2d 413 (1996). Fraudulent use of an access device is committed when any person knowingly, willfully and with intent to defraud possesses a counterfeit or unauthorized device or who knowingly, willfully and with intent to defraud uses, produces or traffics in any counterfeit or unauthorized access device. West Virginia Code § 61-3C-13. "'Access device' means any card, plate, code, account number, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value[.]" W.Va. Code § 61-3C-13(a)(1). "Unauthorized access device" includes any access device that is lost, stolen, expired, revoked, canceled, or obtained without authority. W.Va. Code § 61-3C-13(a)(3)

The victim testified at trial that when she left work and got in her vehicle, her car seat was covered in broken glass. She then noticed her purse was missing. When she called to cancel the credit cards in her purse, she learned they had been used while she was working. Each of the transactions, at three different locations, was unauthorized. The manager of one of the locations testified that her store had multiple cameras and that one of them is positioned directly over the counter. The owner of another location testified that he provided the tapes from his four cameras to the state trooper investigating that transaction. The trooper testified, without objection, that he pulled the car over that matched the video from one of the locations and that the driver (petitioner) appeared to be the same person in the video using the card for one of the transactions. The trooper identified petitioner in court as the driver he stopped. He also testified that he heard petitioner say after the arrest, "All this over the swipe of a credit card?" The video showed that petitioner and the co-defendant entered the store together and that the co-defendant purchased three packs of cigarettes standing beside of petitioner. The video shows the clerk getting a carton of cigarettes, the swipe of the card, and petitioner signing the transaction slip. Based upon our review, we find that the evidence was sufficient to support petitioner's conviction for counts one and two of the indictment for fraudulent use of an access device. We also find that the video surveillance supports the conviction for count four, credit card forgery. Based on all of the evidence, this Court will not disturb the jury's credibility determination, implicitly finding that petitioner's purported alibi was not credible.

Petitioner next asserts that the verdict of not guilty as to count five (breaking and entering of an auto) is inconsistent with the verdict of guilty in count six (petit larceny). Petitioner argues that the evidence at trial was that the stolen property was a purse which was taken from an auto which was broken into. That purse contained the debit/credit card that was used for the transactions set forth in the three counts of fraudulent use of an access device and one count of credit card forgery. He also claims that the circuit court had no jurisdiction over count six of the indictment because count six was a misdemeanor, and the verdict was rendered outside of the one year limitation for misdemeanors. Petitioner argues that the charges for counts five and six were filed in magistrate court, and he did not consent or waive jurisdiction in magistrate court. He also denies signing any time waiver or waiver of preliminary hearing. In addition, the petit larceny charge, count six, occurred on August 17, 2010, while the verdict was not rendered until December 23, 2011, more than one year after the alleged act.

From the record, we cannot conclude that the verdicts are contradictory. However, if the

verdicts are contradictory, this Court has stated that "'[a]ppellate review of a claim of inconsistent verdicts is not generally available.' *State v. Hall,* 174 W.Va. 599, 328 S.E.2d 206 (1985)." Syl. Pt. 5, *State v. Bartlett,* 177 W.Va. 663, 355 S.E.2d 913 (1987). The elements of the charged crimes were not identical. Thus, this Court finds no error in the jury's verdict.

Petitioner withdrew his statute of limitations argument during the sentencing hearing when the circuit court pointed out that petitioner was indicted in February of 2011. The circuit court pointed out that "the allegations occurred on August of 2010[, and h]e was indicted in February of 2011. That's clearly within a year's time." Counsel for petitioner responded that he agreed with the circuit court and did not argue that. "'A litigant may not silently acquiesce to an alleged error. . . and then raise that error as a reason for reversal on appeal.' Syl. Pt. 1, in part, *Maples v. W.Va. Dep't of Commerce, Div. of Parks and Recreation*, 197 W.Va. 318, 475 S.E.2d 410 (1996)." Syl. Pt. 4, *PNGI Charles Town Gaming, LLC v. Reynolds*, 229 W.Va. 123, 727 S.E.2d 799 (2011). Further, "[the] Court consistently has held that 'silence may operate as a waiver of objections to error and irregularities at the trial which, if seasonably made and presented, might have been regarded as prejudicial.' *State v. Grimmer*, 162 W.Va. 588, 595, 251 S.E.2d 780, 785 (1979), *overruled on other grounds, State v. Petry*, 166 W.Va. 153, 273 S.E.2d 346 (1980)." *Id.* at ___, 727 S.E.2d at 810. Under the facts presented in this matter, it is apparent that petitioner chose not to pursue this argument below. Therefore, this Court will not consider this argument on appeal.

> "We review the rulings of the circuit court concerning a new trial and its conclusion as to the existence of reversible error under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a de novo review." Syl. Pt. 3, *State v. Vance*, 207 W.Va. 640, 535 S.E.2d 484 (2000).

Syl. Pt. 3, in part, *State v. White*, 228 W.Va. 530, 722 S.E.2d 566 (2011). As previously set forth by this Court:

> "Even though W.Va. Code [§] 50-5-7 (1976), gives exclusive jurisdiction to a magistrate court once the defendant is charged by warrant in that court with an offense within its jurisdiction, this does not mean that the circuit court has no initial jurisdiction over misdemeanor offenses. Concurrent jurisdiction still exists under Article VIII, Section 6 of the *West Virginia Constitution*, and *Code* [§] 51-2-2 (1978)." Syllabus Point 3, *State ex rel. Burdette v. Scott*, 163 W.Va. 705, 259 S.E.2d 626 (1979).

Syl. Pt. 2, *State ex rel. Johnson v. Zakaib*, 184 W.Va. 346, 400 S.E.2d 590 (1990). The State argues that petitioner did waive the misdemeanors to circuit court, expressly, by including the misdemeanor charges on his waiver of preliminary hearing, as was previously ruled by the circuit court. In addition, in magistrate court on December 6, 2010, at the preliminary hearing, petitioner, with counsel present, waived the preliminary hearing. According to the record, the State made a motion to transfer the misdemeanors to circuit court along with the two felony counts. Petitioner made no objection to the State's motion. The State contends that when the magistrate was waiving its jurisdiction over the misdemeanors to circuit court, petitioner sat on

his rights and thereby waived his right to have the misdemeanors tried in magistrate court. We agree. Therefore, we find that the circuit court had jurisdiction over counts five and six of the indictment, in addition to the other counts set forth in the indictment.

Finally, petitioner makes a general assertion that the circuit court erred in denying petitioner's objections to the jury instructions, and on the basis of "plain error," "sufficiency of the evidence," "[a]nd such other and further grounds as a transcript of the trial would reveal." There is no argument set forth on these points beyond a concluding paragraph stating that petitioner's twenty year sentence is the result of what he claims to be the purchase of three packs of cigarettes. Due to the lack of argument on that issue, respondent cites Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure and asserts that the "less than skeletal" arguments do not preserve these claims. We agree. Thus, we do not address these claims.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 7, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II