# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Zachary Grove,**
**Petitioner Below, Petitioner**

**vs)  No. 17-0083**  (Cabell County 14-C-136)

**State ex rel. Darrell Black,**
**Cabell County Magistrate, and**
**the State of West Virginia,**
**Respondents Below, Respondents**

**FILED**

**May 11, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Zachary Grove, by counsel A. Courtenay Craig, appeals the Circuit Court of Cabell County's December 27, 2017, order that denied his petition for a writ of prohibition in which he sought to halt criminal proceedings against him in magistrate court. Respondents Cabell County Magistrate Darrell Black and the State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was arrested on August 25, 2010, and charged in four criminal complaints with the misdemeanor offenses of disorderly conduct, in violation of West Virginia Code § 61-6-1b; battery of a police officer, in violation of West Virginia Code § 61-2-10b(d); obstructing, in violation of West Virginia Code § 61-5-17(a); and assault of a police officer, in violation of West Virginia Code § 61-2-10b(e). The charges stemmed from law enforcement's attempt to place petitioner under arrest after reporting to a bar fight in Huntington.

Petitioner moved for a jury trial in the Magistrate Court of Cabell County, a pretrial hearing, and discovery. Though the matter was promptly set for trial, it is undisputed that, in all, the trial was continued at least fifteen times. Petitioner requested at least seven continuances while the remaining continuances were requested either by the State or upon the parties' joint motion.

Relevant to this appeal is the re-scheduling of the trial after petitioner requested a continuance of the July 19, 2012, trial date due to the withdrawal of his counsel. It is undisputed that no trial dates were scheduled during the next two terms of court (the September 2012 and

1

January 2013 terms). Ultimately, Respondent Black set a trial date for May 10, 2013. However, on May 10, 2013, the parties jointly requested that the matter be "reset for trial in August[,]" stating as grounds that "counsel have conferred and agree [the] case needs to be set for trial." The order granting the motion noted that the parties would receive "no more continuances." The matter was then reset for August 14, 2013.

During the August 14, 2013, trial, one of the officers who reported to the bar fight, Officer Ronnie Lusk of the Huntington Police Department, testified. According to Officer Lusk, he found petitioner "yelling, cussing, [and] just carrying on" because one of the people who injured petitioner's friend in the bar fight had gotten away. Officer Lusk testified that petitioner was agitated, intoxicated, hindering their investigation, and "causing more problems than he was helping." Petitioner was arrested after he slapped Officer Lusk and another officer. According to Officer Lusk's testimony, petitioner resisted arrest and officers had to use force in order to place him in handcuffs. He further testified that, after petitioner was placed in handcuffs and taken to the police cruiser, petitioner tried to grab Officer Lusk's utility belt and continued to be combative even after they arrived at the police station.

On cross-examination, Officer Lusk was asked why the incident report and criminal complaints did not include the claim that petitioner tried to grab the officer's utility belt. While answering defense counsel's questions, Officer Lusk referenced his field notes, which had not been provided to petitioner during discovery. In the presence of the jury, counsel for petitioner requested a mistrial on the ground that petitioner had requested discovery long ago and "we're just now getting this officer's statements. That's a clear *Brady*[1] violation. This is clear impeachment evidence." (Footnote added). Petitioner then made a motion to dismiss. Magistrate Black denied petitioner's motion but declared a mistrial, at which time petitioner asked that jeopardy attach due to the State's misconduct. Magistrate Black did not rule on petitioner's request.

A new trial date was set for November 20, 2013. On November 7, 2013, petitioner filed an "Amended Motion to Dismiss—Failure to Afford Defendant Speedy Trial." *See* Syl. Pt. 3, *State ex rel. Johnson v. Zakaib*, 184 W. Va. 346, 400 S.E.2d 590 (1990) ("'The speedy trial guarantee of *W.Va.Const.,* art. III, § 14 that provides for criminal trials "without unreasonable delay" is applicable to magistrate courts.' Syllabus Point 1, *State ex rel. Stiltner v. Harshbarger,* 170 W.Va. 739, 296 S.E.2d 861 (1982)."). Respondent Black denied the motion following a November 20, 2013, hearing. Petitioner thereafter filed a notice of intent to appeal the magistrate court's ruling to the Circuit Court of Cabell County. He subsequently converted the appeal into a petition for a writ of prohibition.

A hearing on the petition was conducted on May 28, 2014. By order entered on December 27, 2016, the circuit court denied the requested relief, determined that the mistrial was improperly granted below, and remanded the matter to the magistrate court for trial. It is from this order that petitioner now appeals.

---

[1] *Brady v Maryland*, 373 U.S. 83 (1963).

The standard of reviewing the circuit court's order refusing petitioner's request for relief through an extraordinary writ of prohibition is de novo. *See* Syl. Pt. 1, *State ex rel. Callahan v. Santucci*, 210 W. Va. 483, 557 S.E.2d 890 (2001). Additionally, this Court has held:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.

Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

In his first assignment of error, petitioner argues that the State's failure to disclose Officer Lusk's field notes before trial violated his constitutional due process rights under *Brady* and that, as a result, Respondent Black properly declared a mistrial. The parties agree that if the August 14, 2013, mistrial was due to the misconduct of the State, the trial delay would be attributable to the State and would result in a violation of petitioner's right to a speedy trial.[2] On

---

[2] As previously noted, after numerous continuances, a trial was scheduled for July 19, 2012. Petitioner requested a continuance. For reasons that are not clear from the record, a new trial date was not set until May 10, 2013. Thereafter, yet another continuance was requested and the trial was set for August 14, 2013. This Court has held that

> "[u]nless one of the reasons specifically set forth in *W.Va.Code,* 62-3-21 [1959] for postponing criminal trials in circuit court beyond three terms of the circuit court exists, a criminal trial in magistrate court must be commenced within one year of the [execution] of the criminal warrant and lack of good cause for delay beyond one year as defined in *Code,* 62-3-21 [1959] should be presumed from a silent record." Syllabus Point 3, as modified, *State ex rel. Stiltner v. Harshbarger,* 170 W.Va. 739, 296 S.E.2d 861 (1982).

*Johnson*, 184 W. Va. at 348, 400 S.E.2d at 592, at syl. pt. 5. Under West Virginia Code § 62-3-21,

> [e]very person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular

(continued . . .)

the other hand, if the circuit court properly concluded that the mistrial was not warranted, the delay would not be attributable to the State and the case would be remanded for trial.

In determining whether a *Brady* violation has occurred, this Court has held that

[t]here are three components of a constitutional due process violation under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982): (1) the evidence at issue must be favorable to the defendant as exculpatory or impeachment evidence; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; and (3) the evidence must have been material, i.e., it must have prejudiced the defense at trial.

Syl. Pt. 2, *State v. Youngblood*, 221 W. Va. 20, 650 S.E.2d 119 (2007).[3] Officer Lusk's field notes include the statement that "[w]hile I was trying to pat [petitioner] down[,] he reached backed [sic] and grabbed at my belt, so I force[d] [petitioner] to the trunk of the cruiser." Petitioner contends that this statement was favorable to him as impeachment evidence because it describes behavior that implicates him in an uncharged crime that was more serious than the

---

terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; *or by a continuance granted on the motion of the accused*; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict . . . .

*Id.* in pertinent part (emphasis added). *See Stiltner,* 170 W.Va. at 742, 296 S.E.2d at 864 (stating that, from West Virginia Code § 62-3-21, "it can reasonably be inferred that the Legislature considered a one-year delay the outer limit of the right to a speedy trial. Furthermore, the Legislature has enumerated certain circumstances that justify the postponement of a trial beyond three terms of court, and we conclude that where any one of those circumstances exists in the trial of a misdemeanor, delay beyond a one-year period is also justified." (Footnote omitted)).

[3] The parties agree that the second requirement set forth in *Youngblood* is satisfied—that the evidence was suppressed by the State, either willfully or inadvertently, even though the assistant prosecuting attorney was previously unaware of the existence of Officer Lusk's field notes. *See Id.,* 221 W.Va. at 22, 650 S.E.2d at 121, at syl. pt. 1 (holding that "[a] police investigator's knowledge of evidence in a criminal case is imputed to the prosecutor. Therefore, a prosecutor's disclosure duty under *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and *State v. Hatfield*, 169 W.Va. 191, 286 S.E.2d 402 (1982) includes disclosure of evidence that is known only to a police investigator and not to the prosecutor.").

4

crimes for which he was charged[4] but that was not included in the criminal complaints or incident report.[5] He argues that this inconsistency brings into question Officer Lusk's truthfulness. Petitioner further argues that this statement was material to his case and that his defense was prejudiced from its nondisclosure.

We find no error. At trial, Officer Lusk testified regarding petitioner's aggressive conduct towards him and other officers as they reported to the aftermath of the bar fight. He testified that petitioner slapped them, resisted their efforts to arrest him, and was combative at the police station. Lusk's testimony was largely consistent with the criminal complaints and incident report as well as with the majority of the late-disclosed field notes. Because the field notes also corroborated Lusk's testimony on direct examination that petitioner grabbed at his utility belt as Lusk started to pat him down outside the bar, we are not persuaded that the field notes would have impeached Lusk's trial testimony. Nor do we find the information in the field notes to be material. "Before prosecutorial error can occur under the doctrine of suppression of evidence, it must be shown that the evidence suppressed would be relevant to an issue at the criminal trial." Syl. Pt. 4, *State v. Bolling,* 162 W. Va. 103, 246 S.E.2d 631 (1978). *See Youngblood*, 221 W. Va. at 30, 650 S.E.2d at 129. Petitioner was not charged with crimes specifically related to his attempt to disarm Officer Lusk. Rather, he was charged with battery of a police officer, assault of a police officer, obstructing, and disorderly conduct. Petitioner has failed to show that the field notes were material to his defense of these crimes or that he was otherwise prejudiced by their nondisclosure. Therefore, the State's failure to disclose Officer Lusk's field notes did not violate petitioner's due process rights under *Brady*. As a result, the circuit court did not err in concluding that the mistrial was improperly granted and in remanding this case for trial.

Next, petitioner argues that, even if the mistrial was improperly granted, his right to a speedy trial was still violated. He contends that, through no fault of his own, no trial was scheduled during the two previous court terms and that, after the mistrial was granted in August of 2013, the trial was not re-set within the time period that remained in the May 2013 court term. Therefore, he argues more than one year passed without a trial, in violation of his right to a speedy trial. *See Johnson*, 184 W. Va. at 348, 400 S.E.2d at 592, at syl. pt. 5.

We find no error. The parties requested that the May 10, 2013, trial date be continued to August; therefore, the new trial was set for August 14, 2013, a date much later in the May 2013 court term. When petitioner requested a mistrial, he requested the opportunity to brief whether the case could be re-tried. Petitioner's counsel stated:

---

[4] *See* W.Va. Code § 61-5-17(b) (providing that "[a] person who intentionally disarms or attempts to disarm a law-enforcement officer, correctional officer, probation officer or parole officer, acting in his or her official capacity, is guilty of a felony and, upon conviction thereof, shall be imprisoned in a state correctional facility not less than one nor more than five years.").

[5] Petitioner states that the incident report was not disclosed until the day of trial. However, petitioner does not argue that the late disclosure of this report violated his due process rights under *Brady*.

I agree with a mistrial, but we would ask that jeopardy attach based upon that. It was their violations that contributed to it, that caused it. I agree with the mistrial. I don't think they can retry the case due to their own misconduct.

**The State**: I haven't had a chance to do any research on that. I would oppose it until I have a chance to do some research, but—

**The Court**: That's what I'm going to do, because you were entitled to it. I'm going to declare a mistrial. I'll explain to you—to the jury here in just a minute. You had – but it's going to be reset.

**Defense Counsel**: Can we brief the court? Obviously both sides, on whether we think that it shouldn't—jeopardy attaches?

Petitioner did not file his amended motion to dismiss based upon speedy trial grounds until November 7, 2013, thereby extending the proceedings. Indeed, "where a court does not have time for the disposition of motions or pleas filed by the accused and a term passes as a result thereafter, such term cannot be counted as one of the three terms under the provisions of Code, 62-3-21, as amended." *State ex rel. Spadafore v. Fox*, 155 W. Va. 674, 679, 186 S.E.2d 833, 836 (1972). *See Id.*, 155 W. Va. at 679-80, 186 S.E.2d at 836 (stating that "[t]he continuance of this case from the May, 1969 Term to the next term of court, in order to complete the hearing on a motion and plea filed by the appellants, is sufficient to omit the May, 1969 Term relied on by the appellants to be counted for one of the three terms, leaving only two terms."). Therefore, petitioner's constitutional right to a speedy trial was not violated for the failure to reset the trial during the May 2013 term.

Finally, we address petitioner's argument that the State is judicially estopped from opposing the mistrial because it has taken inconsistent positions. The State argued below that Respondent Black declared a mistrial based upon the fact that defense counsel argued, in the presence of the jury, that the State withheld purported *Brady* material, in violation of petitioner's due process rights. However, when the trial transcript was subsequently produced, it clearly showed that, in fact, the mistrial was declared based upon the State's failure to disclose Officer Lusk's field notes and not due to any alleged wrongdoing by defense counsel. On appeal, petitioner argues that the State is now estopped from arguing that the magistrate court erred in granting the mistrial based upon a *Brady* violation.

This Court has held that

[j]udicial estoppel bars a party from re-litigating an issue when: (1) the party assumed a position on the issue that is clearly inconsistent with a position taken in a previous case, or with a position taken earlier in the same case; (2) the positions were taken in proceedings involving the same adverse party; (3) the party taking the inconsistent positions received some benefit from his/her original position; and (4) the original position misled the adverse party so that allowing the estopped party to change his/her position would injuriously affect the adverse party and the integrity of the judicial process.

Syl. Pt. 2, *W. Va. Dep't of Transp., Div. of Highways v. Robertson*, 217 W. Va. 497, 618 S.E.2d 506 (2005). We conclude that the doctrine of judicial estoppel is not applicable here because all of the required elements are not satisfied. Specifically, the State in no way misled petitioner when it misstated the grounds upon which the mistrial was granted such that the State's change in position injuriously affected petitioner and the integrity of the judicial process. To the contrary, although petitioner states that he was "flabbergasted" by the State's initial misrepresentation, he does not argue that he was in any way misled by it. In fact, in his petition for a writ of prohibition and during the hearing thereon, petitioner consistently maintained that the magistrate court declared the mistrial due to the State's failure to provide favorable impeachment evidence prior to trial. Prior to the circuit court's ruling, petitioner even went so far as to ask the State to withdraw its argument that remarks by petitioner's counsel in front of the jury had precipitated the mistrial. Clearly, the requirement that the State's original position misled petitioner is not satisfied. Consequently, the State is not judicially estopped from re-litigating this case upon remand.

       For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** May 11, 2018

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker